BK/PG:3422/804-844

04056018

| | |
|---|---|
| RESTRICTIONS | |
| 12/06/2004 | 10:23 AM |
| BATCH | 34538 |
| MTG TAX | 0.00 |
| TRN TAX | 0.00 |
| REC FEE | 205.00 |
| DP FEE | 2.00 |
| REG FEE | 0.00 |
| TOTAL | 207.00 |

STATE of TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

THIS INSTRUMENT PREPARED BY:

Wesley D. Turner
Gullett, Sanford, Robinson & Martin PLLC
315 Deaderick Street, Suite 1100
P.O. Box 198888
Nashville, TN 37219-8888

# DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS DECLARATION**, made on the date hereinafter set forth by **CK DEVELOPMENT, L.L.C.,** a Tennessee limited liability company, hereinafter referred to as "Declarant".

## WITNESSETH:

**WHEREAS**, Declarant is the owner of certain property in the County of Williamson, State of Tennessee, which is more particularly described on the attached Exhibit A, which is incorporated by reference herein, which shall be developed into section and/or phases of Bent Creek, plats of which shall be recorded from time to time showing residential building lots to be developed from such property, the entire development of which shall consist of eight hundred four (804) residential building lots when all property to be included in Bent Creek under the Town of Nolensville Planned Unit Development Plan for Bent Creek is annexed into this instrument.

**NOW, THEREFORE**, Declarant hereby declares that all of the properties described above shall be held, sold and conveyed subject to the following easements, restrictions, covenants and conditions, which are for the purpose of protecting the value and desirability of, and which shall run with, the real property and be binding on all parties having any right, title or interest in the

described properties or any part thereof, their heirs, successors and assigns, and shall inure to the benefit of each owner thereof.

## ARTICLE I

## DEFINITIONS

**Section 1.** "Association" shall mean and refer to **BENT CREEK HOMEOWNERS ASSOCIATION**, a Tennessee not-for-profit corporation, its successors and assigns.

**Section 2.** "Bylaws" shall mean the Bylaws of the Association more particularly set forth as Exhibit B attached hereto.

**Section 3.** "Common Area" shall mean and refer to the areas now or hereafter designated as Common Area or Common Areas on any Plat of sections and/or phases of Bent Creek, as herein defined, or which are conveyed or deeded to the Association for the purpose of serving as Common Areas.

**Section 4.** "Declarant" shall mean and refer to CK Development, L.L.C., a Tennessee limited liability company, and any party designated by it, as having some or all of the rights of Declarant.

**Section 5.** "Declaration" shall mean and refer to this instrument, as it may be amended and supplemented from time to time in the manner set forth herein.

**Section 6.** "Lot" shall mean and refer to each of the eight hundred four (804) residential building sites shown upon the Planned Unit Development Plan for Bent Creek approved by the Town of Nolensville, which Lots shall be platted in phases from time to time as development work is completed.

**Section 7.** "Owner" shall mean and refer to the record owner, whether one or more persons or entities, of a fee simple title to any Lot which is a part of the Properties, including

contract sellers, but excluding those having such interest merely as security for the performance of an obligation.

**Section 8.** "Plat" shall mean and refer collectively to all plats of Bent Creek as may hereinafter be recorded showing section and/or phases of residential building lots from the properties described on the attached Exhibit A and all additional property which shall be annexed into this instrument.

**Section 9.** "Properties" shall mean and refer to that certain real property described on the attached Exhibit A, and such properties as may hereafter be brought within the jurisdiction of the Association.

## ARTICLE II

## ANNEXATION OF ADDITIONAL PROPERTY

Declarant shall have the unilateral right, privilege and option from time to time to subject to the provisions of this Declaration any additional property by filing in the Office of the Register for Williamson County, Tennessee an amendment annexing such real property. Any such annexation shall be effective upon the filing for record of such amendment unless otherwise provided in the amendment. Declarant may assign this right of annexation to any person or entity. Declarant reserves the right to create cross easements and to restrict all properties brought within the provisions of this instrument according to the terms of this Declaration. The amendment may contain such additions and modifications of the covenants and restrictions contained in this Declaration as may be necessary to reflect the different character, if any, of the added properties which are not inconsistent with the scheme of this Declaration. Declarant, and any assignee of Declarant, may change or alter the number, dimensions and location of lots comprising additional phases and sections of Bent Creek Subdivision to be brought within the Properties. The Common

Areas initially covered by this Declaration shall inure to the benefit of the Owners of any new Lots which may become subjected to this Declaration and the Common Area allocable to the Owners of any new Lots shall inure to the benefit of the Owners of Lots recorded earlier, each to enjoy the Common Area of the other and to have and to hold the same as if each new Lot had been developed and subjected to this Declaration simultaneously.

## ARTICLE III

## THE ASSOCIATION

**Section 1. Membership.** Every Owner of a Lot which is subject to assessment shall be a member of the Association. Membership shall be appurtenant to and may not be separated from ownership of any Lot which is subject to assessment. The purpose of the Association shall be to maintain the Common Area and to provide other functions as set forth herein.

**Section 2. Voting Membership.** The Association shall have two classes of voting membership:

**Class A.** Class A members shall be all Owners, with the exception of the Declarant, and shall be entitled to one vote for each Lot owned. When more than one person holds an interest in any Lot, all such persons shall be members. The vote for such Lot shall be exercised as they determine, but in no event shall more than one vote be cast with respect to any Lot.

**Class B.** The Class B member shall be the Declarant and shall be entitled to three (3) votes for each of the eight hundred four (804) Lots included within the Town of Nolensville Planned Unit Development Plan for Bent Creek, until such Lot is sold by Declarant. The Class B membership shall cease and be converted to Class A membership on the happening of either of the following events, whichever occurs earlier:

(a) when one hundred percent (100%) of the eight hundred four (804) Lots in all sections or phases of Bent Creek which are contemplated to be platted and annexed into the Declaration, have been sold by Declarant; or

(b) December 31, 2020

**Section 3. Owners' Easement of Enjoyment.** Every Owner shall have a right and easement of enjoyment in and to the Common Area which shall be appurtenant to and shall pass with the title to every Lot. The right of enjoyment is subject to the following provisions:

(a) The right of the Association to borrow money for the purpose of improving the Common Areas or for constructing, repairing or improving any facilities located or to be located thereon, and to give as security for the repayment of any such loan a mortgage conveying all or a part of the Common Areas;

(b) The right of the association to suspend the voting rights and the right to use Common Areas for any period during which any assessment against a lot remains unpaid, and for a period of time for any infraction of its rules and regulations;

(c) The right of the Association to dedicate or transfer all or any part of the Common Area to any public agency, authority or utility for such purposes and subject to such conditions as may be agreed to by the Association and such agency, authority or utility.

**Section 4. Delegation of Use.** Lot Owners may delegate their right of enjoyment to the Common Areas to the members of their immediate families or to their tenants or contract purchasers who reside on the Lot. Membership in the Association may not be conveyed separately from ownership of a Lot.

**Section 5. Association's Right of Entry.** An authorized representative of the Association shall be entitled to reasonable access to the individual Lots as may be required in connection with

the preservation of property of an individual Lot or in the event of an emergency or in connection with the maintenance of, repairs or replacements with the Common Area, or any equipment, facilities or fixtures affecting or serving other Lots or the Common Area or to make any alteration required by any governmental authority.

## ARTICLE IV

## COVENANT FOR MAINTENANCE ASSESSMENTS

**Section 1. Creation of the Lien and Personal Obligation of Assessments.** Each Lot Owner within the Properties, except Declarant, or Declarant's assignee, hereby covenants, and by acceptance of a deed or other transfer for a Lot, whether or not it shall be so expressed in such deed or transfer, is deemed to covenant and agree to pay to the Association: (a) monthly, quarterly and/or annual assessments or charges, and (b) special assessments for capital improvements, such assessments to be established and collected as hereinafter provided. Declarant shall be responsible for the maintenance costs of the Association incurred over and above assessed amounts payable to the Association by Owners other than Declarant until Declarant transfers control of the Association. Maintenance cost overruns funded by Declarant are obligations of the Association and shall be repaid by the Association to Declarant. The periodic and special assessments, together with interest, costs and reasonable attorney's fees, shall be a charge on the land and shall be a continuing lien upon the property against which each such assessment is made. Each such assessment, together with interest, costs and reasonable attorney's fees, shall also be the personal obligation of the person, other than Declarant, or Declarant's assignee, who was the Owner of such property at the time when the assessment fell due. The personal obligation for delinquent assessments shall not pass to successors in title unless expressly assumed.

**Section 2. Purpose of Assessments.**

(a) The assessments levied by the Association shall be used exclusively to promote the recreation, health, safety and welfare of the residents of the Properties, and for the improvement and maintenance of the Common Area, as defined herein, including but not limited to the cost of labor, equipment, materials, landscaping, signs, management and supervision, payment of taxes assessed against the Common Areas, the procurement and maintenance of insurance in accordance with the Bylaws and in such amount or amounts as is customarily and normally maintained in subdivisions within the area, the employment of attorneys to represent the Association when necessary, and such other needs as may arise. The Association shall maintain, operate and repair the open spaces and Common Area and landscape amounts, including gates, walls and landscaping in such areas.

(b) Declarant may construct certain recreational facilities on part of the Common Area for the benefit of the lot owners in Bent Creek and the members of the Association. The Association shall execute and deliver to Declarant a promissory note in the principal amount of $250,000.00, without interest payable in equal monthly installments over eight (8) years, to repay Declarant for a portion of its costs incurred in constructing those recreational facilities. That promissory note shall be secured by a deed of trust on the portion of the Common Area occupied by said recreational facilities. A portion of the assessments provided for in this article, such portion being in the amount of $10.00 per month per Lot that is then subject to an assessment, shall be paid by the Association to Developer to pay the promissory note. In the event the recreational facilities are not constructed, then the promissory note shall be returned by Declarant to the Association.

Until Class B membership ceases and is converted to Class A membership, Declarant or its nominee shall administer the assessments and receipts therefrom.

**Section 3. Special Assessments for Capital Improvements.** In addition to the annual assessments authorized above, the Association may levy, in any assessment year, a special assessment applicable to that year only for the purpose of defraying, in whole or in part, the cost of any construction, reconstruction, repair or replacement of a capital improvement upon the Common Area, including any fixtures and personal property related thereto, provided that any such assessment shall have the assent of two-thirds (2/3rds) of the votes of each class of members who are voting in person or by proxy, at a meeting duly called for this purpose.

**Section 4. Notice and Quorum for Any Action Authorized Under Section 3.** Written notice of any meeting called for the purpose of taking any action authorized under Section 3 shall be sent to all members not less than thirty (30) days nor more than sixty (60) days in advance of the meeting. At the first such meeting called, the presence of members or of proxies entitled to cast sixty (60%) percent of all the votes of each class of membership shall constitute a quorum. If the required quorum is not present, another meeting may be called subject to the same notice requirement, and the required quorum at the subsequent meeting shall be one-half (1/2) of the required quorum at the preceding meeting. No such subsequent meeting shall be held more than sixty (60) days following the preceding meeting.

**Section 5. Uniform Rate of Assessment.** Except as specifically provided herein, both annual and special assessments must be fixed at a uniform rate for all Lots, except for the Lots owned by Declarant, or Declarant's assignee, and may be collected on a monthly, quarterly or annual basis. The Board of Directors may at its discretion waive the assessment for any year or portion of a year for any Lot not occupied as a residence.

**Section 6. Date of Commencement of Annual Assessments: Due Dates.** The annual assessments shall commence as provided for herein. The first annual assessment shall be adjusted

according to the number of months remaining in the calendar year. The Board of Directors shall fix the amount of the annual assessment against each Lot at least thirty (30) days in advance of each annual assessment period. Written notice of the annual assessment shall be sent to every Owner subject thereto. The due dates may be established by the Board of Directors. The Association shall, upon demand, and for a reasonable charge, furnish a certificate signed by an officer of the Association setting forth whether the assessments on a specified Lot have been paid. A properly executed certificate of the Association as to the status of assessments on a Lot is binding upon the Association as of the date of its issuance.

**Section 7. Effect of Nonpayment of Assessments: Remedies of the Association.** Any assessment not paid within thirty (30) days after the due date shall bear interest from the due date at the lesser of the rate of ten (10%) percent per annum or the maximum interest rate allowed by applicable law. The Association may bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien against the Lot(s) in question. No Owner may waive or otherwise escape liability for the assessments provided for herein by non-use of any of the benefits of Association membership or abandonment of such Owner's Lot.

**Section 8. Subordination of the Lien to Mortgages and Deeds of Trust.** The lien of the assessments provided for herein shall be subordinate to the lien of any mortgage or deed of trust. Sale or transfer of any Lot shall not affect the assessment lien. However, the sale or transfer of any Lot pursuant to mortgage or deed of trust foreclosure or any proceeding in lieu thereof, shall extinguish the lien of such assessments as to payments which became due prior to such sale or transfer. No sale or transfer shall relieve such Lot from liability for any assessments thereafter becoming due or from the lien thereof.

# ARTICLE V

## ARCHITECTURAL CONTROL

**Section 1. Approval of Construction and Landscape Plans.**

(a) No structure may be erected, placed or altered on any Lot, and no building permit may be obtained, until the construction plans and building specifications and a plan showing (i) the location of improvements on the Lot; (ii) the grade elevation (including rear, front and side elevations); (iii) the type of exterior material and roof material (including delivery of samples thereof); (iv) the color of paint or stain to be applied to any exterior surfaces and the color of the roof material (including delivery of samples thereof); and (v) the location and size of the driveway (which shall be exposed aggregate concrete, unless otherwise approved by Declarant), shall have been approved in writing by the Declarant, or the Architectural Control Committee designated by the Board of Directors of the Association.

(b) In addition to the plans referred to in the previous paragraph, a landscape plan shall be submitted to the Declarant for its approval in writing, which plan shall show the trees, shrubs and other plantings. The landscaping plan and landscaping as completed shall provide for landscaping across the entire front of the house in accordance with the landscape requirements of the Town of Nolensville Planned Unit Development Plan for Bent Creek. Thereafter, no additional trees, shrubs or other plantings may be placed on any Lot's yard area bordering on the subdivision streets and Common Area until a supplementary landscape plan has been submitted to and approved by Declarant in writing.

(c) Prior to completion of initial construction on a Lot, a sidewalk shall be constructed parallel to the street frontage in accordance with the requirements for such sidewalks set forth in the Town of Nolensville Planned Unit Development Plan for Bent Creek.

(d) The owner of each Lot shall be responsible for installing a water pressure reduction valve for such residence, in the event water pressure from Nolensville College Grove Utility District is greater than recommended levels for residential water service.

(e) References to "Declarant" shall include any entity, person or association to whom Declarant may assign the rights of approval hereunder, and after conveyance of title to all Lots platted from the property described on Exhibit A, Declarant shall for purposes of this Article shall also mean the Board of Directors of the Association, or an architectural committee designated by the Board of Directors. References to "structure" in this Article shall include all buildings (including garages), fences, walls, basketball goals, tennis courts, antennae and microwave and other receivers and transmitters (including those currently called "satellite dishes). In addition to the foregoing, all basketball goals, including portable basketball goals, must be located at all times at least eleven (11) feet back from the street.

**Section 2. Building Materials; Roof; Builder; Paint Colors.**

(a) The exterior building material of all structures shall extend to the ground level and shall be either brick, stone, brick veneer, stone veneer, or a combination of same. Declarant recognizes that the appearance of other exterior building materials (such as wood siding) may be attractive and innovative and reserves the right to approve in writing the use of other exterior building materials.

(b) The roof pitch of any residential structure shall not be less than a plane of eight (8) inches vertical for every plane of twelve (12) inches horizontal, unless otherwise approved in writing by Declarant.

(c) All general contractors, construction managers, and other parties constructing a residential structure on any Lot must be approved as a builder in the development by

Declarant. Any such party desiring to obtain Declarant's approval to construct a residence must complete and submit to Declarant on American Institute of Architects Qualification of Builder form together with all required supportive data. As minimum threshold requirements, the general contractor constructing the residential structure on any Lot shall have been in the construction business for a period of one (1) year and must have supervised the construction of or built a minimum of six (6) homes. Declarant imposes this requirement to maintain a high quality of construction within the subdivision, and reserves the right to waive these standards of experience.

(d) The color of any paint or stain to be applied to exterior surfaces, whether original application or later reapplication, must be approved by Declarant.

**Section 3. Minimum Floor Areas.** The following shall be the minimum floor areas for homes to be constructed in Bent Creek:

(a) The floor area of a one (1) story house shall be a minimum of one thousand two hundred (1,200) square feet.

(b) The floor area of a two (2) story house shall be a minimum of one thousand four hundred (1,400) square feet.

Finished basement areas, sun porches, garages and open porches are not included in computing floor areas.

**Section 4. Setbacks.** No structure shall be located on any Lot nearer to the front Lot line or the side street line than the minimum building setback lines shown on the recorded plat, except bay windows and steps may project into said areas. Declarant may vary established building lines, in its sole discretion, where not in conflict with applicable zoning regulations.

**Section 5. Garages; Carports.** All Lots shall have at least a two (2) car garage unless otherwise approved in writing by Declarant. No detached garages or carports are allowed unless

otherwise approved in writing by Declarant. Garages, as structures, are subject to prior plan approval under Section 1 of this Article.

**Section 6. Landscaping; Driveways; Trees.**

(a) Before final completion of construction of a residence, the Lot Owner shall grade, seed, straw and landscape the Lot. Declarant in its sole discretion may extend a thirty (30) day grace period for this work to allow for weather conditions, provided the Lot Owner has made a good faith effort to satisfy this requirement.

(b) Upon final completion of construction of a residence, the Lot Owner shall cause to be planted two (2) trees (at least three (4) inches in diameter) in the front yard of the Lot, and if the Lot is a corner Lot, an additional one (1) such tree in the street-side yard. Trees will be planted in accordance with the landscaping plan approved by the Town of Nolensville planning staff. No tree outside the approved house construction limits shall be removed from any Lot without the prior written approval of Declarant.

(c) Upon an Owner's failure to comply with the provisions of this Section 6, Declarant may take such action as necessary to comply therewith, and the Owner shall immediately, upon demand, reimburse Declarant or other performing party for all expenses incurred in so doing, together with interest at the rate accruing on past due assessments as provided herein, and Declarant shall have a lien for such expenses and interest on the applicable Lot and the improvements thereon to secure the repayment of such amounts. Such lien may be enforced by foreclosure against that Lot and the improvements thereon, but such lien shall be subordinate to any mortgage or deed of trust thereon.

**Section 7. Mail and Paper Boxes; Hedges.** Mailboxes and paper holders shall be of the type and made by the manufacturer required by Declarant, and shall be installed in accordance with

design drawings furnished by Declarant. All mail boxes and paper holders shall be installed by the Lot Owner prior to occupancy of the residence. An evergreen shrub hedge shall be planted and maintained on each Lot having a garage opening facing the street in accordance with the Town of Nolensville Bent Creek Planned Unit Development requirements. No other hedge shall be planted on any Lot unless its design and planting are approved in writing by Declarant.

**Section 8. Preliminary Review; Standards of Review.** If prior to designing structures, landscaping or other improvements, there is any question that a particular design may not be acceptable to Declarant, the Lot Owner or builder may consult with Declarant concerning appropriate plans and specifications. Approval shall be based upon, among other things, adequacy of site dimensions, harmony of external design with neighboring structures, and uses; upon relation of topography, grade and finished ground elevation of the Lot being improved to that of neighboring Lots; upon proper facing of main elevations with respect to nearby streets; and upon conformity of the plans and specifications to a traditional architectural theme as contemplated by Declarant. By approving any plans and specifications, Declarant makes no representation that the plans and specifications comply with any law, ordinance or regulation of any governmental agency.

## ARTICLE VI

## RIGHTS OF GOVERNMENTAL AUTHORITY

The Association shall not be dissolved nor, except as specifically provided herein, shall it dispose of it rights or obligations with respect to the Common Area, except to an organization conceived and established to maintain the Common Area, without first offering to convey the same to Williamson County, Tennessee, or other applicable governmental authority having jurisdiction, and the said conveyance be approved by the applicable governmental authority.

## ARTICLE VII

## OBLIGATION TO CONSTRUCT OR RECONVEY

Each Lot Owner, other than the Declarant, shall within twelve (12) months after the date of conveyance of a Lot without a residence thereon, commence in good faith the construction of a single-family residence approved according to the requirements of this Declaration, upon each Lot conveyed; provided, that should said construction not commence within the specified period of time, the Declarant may elect at its sole option to repurchase any and all Lots on which construction has not commenced for the original purchase price at the sale of the Lot by Declarant of said Lot or Lots, in which event the Lot Owner shall immediately reconvey and deliver possession of said Lot or Lots to the Declarant by deed of general warranty subject to no encumbrances other than those encumbering the Lot at the time of initial conveyance by Declarant. Construction of each residence must be completed within twelve (12) months after commencement of construction. In the event construction is not commenced on a Lot within twelve (12) months after the initial sale by Declarant, or construction is not completed within twelve (12) months after commencement of construction, the Lot Owner shall be automatically assessed the amount of One Thousand and No/100 ($1,000.00) Dollars, for each year or portion of a year, which passes until completion of construction of the residence on the Lots. Such amounts shall be payable for Declarant, or its assignee, and such amounts shall also be a lien upon the Lot affected which lien shall be enforceable, and shall have the same priority, as other liens for assessments under this Declaration.

## ARTICLE VIII

## USE RESTRICTIONS/ MAINTENANCE REQUIREMENTS

**Section 1. Primary Use Restrictions.** No Lot shall be used except for private single family residential purposes. No structure shall be erected, placed or altered or permitted to remain

on any Lot except for one (1) single family dwelling designated for the occupancy of one (1) family (including any domestic servants living on the premises), not to exceed two and one-half (2-1/2) stories in height (except that a basement opening only on the back of the residence may be in addition to the two and one-half (2-1/2) story minimum and containing a garage, for the sole use of the Owner and occupants of the Lot unless otherwise approved in writing by Declarant.

**Section 2. Nuisances.** No noxious or offensive trade or activity shall be conducted on any Lot, nor shall anything be done which may be or become an annoyance or nuisance to the neighborhood.

**Section 3. Use of Other Structures and Vehicles.**

(a) No structure of a temporary character including, without limitation, dog houses and dog runs, shall be permitted on any Lot except temporary tool sheds or field offices used by a builder who is constructing a residence(s) on an adjoining Lot(s) or Declarant, which, in the case of a builder shall be removed when construction or development is completed on the adjoining Lot(s).

(b) No outbuilding, trailer, basement, tent, shack, garage, barn or structure other than the main residence erected on a Lot shall at any time be used as a residence, temporarily or permanently unless otherwise approved in writing by Declarant pursuant to this Declaration.

(c) No trailer, truck, motorcycle, commercial vehicle, camper trailer, camping vehicle or boat shall be parked or kept on any Lot at any time unless housed in a garage or basement. No automobile which is inoperable shall be habitually or repeatedly parked or kept on any Lot (except in the garage) or on any street in the subdivision. No trailer, boat, truck, or other vehicle, except an automobile shall be parked on any street in the subdivision for a period in excess of one (1) twenty-four (24) hour period in any calendar year.

(d) No automobile shall be continuously or habitually parked on any street or public right-of-way in the subdivision.

**Section 4. Animals.** No animals, including reptiles, livestock or poultry of any kind shall be raised, bred or kept on any Lot, except that dogs, cats or other household pets (meaning the domestic pets, traditionally recognized as household pets in this geographic area) may be kept, provided they are not kept, bred or maintained for any commercial or breeding purposes.

**Section 5. Clothes Lines; Fences and Walls; Tennis Courts; Swimming Pools; Antennae and Receivers/Transmitters; Yard Ornaments.**

(a) No outside clothes lines shall be erected or placed on any Lot.

(b) No fence or wall of any nature may be extended toward the front or street side property line beyond the front or side wall of a residence. No fence or wall of any nature may be erected, placed or altered on any Lot until the type of building materials and the construction plans are approved as provided in this Declaration. The fence type and height, and the landscaping required on the street side of the fence, must be determined by Declarant.

(c) No tennis court fence shall be erected on any Lot in the subdivision unless the fencing is coated with black or green vinyl.

(d) No above-ground swimming pool shall be erected or placed on any Lot.

(e) No antennae (except for standard small television antennae) or microwave and other receivers and transmitters (including those currently called "satellite dishes") shall be erected or placed on any Lot unless the Lot Owner can show special circumstances requiring the use of extraordinary receivers or transmitters and unless its design and placement are approved by Declarant. By granting permission to a Lot Owner to erect any of the aforementioned receivers or

transmitters, Declarant shall not be deemed to have waived this restriction as it may apply to other Lots.

(f) No ornamental yard objects, statuary, sculpture, or other similar item, shall be placed on any Lot unless its design and placement are approved in writing by Declarant.

**Section 6. Duty to Maintain Lot.** From and after the date construction of a single family residence on a Lot is begun, it shall be the duty of each Lot Owner to keep the grass on the Lot cut on a weekly or bi-weekly basis, depending upon the growing season, to keep the lot free from weeds and trash, and to keep it otherwise neat and attractive in appearance. Should any Owner fail to do so, the Declarant, or the Association, may take such action as it deems appropriate, including mowing, in order to make the Lot neat and attractive and the Owner shall, immediately upon demand, reimburse Declarant or the Association for all expenses incurred in so doing, together with interest at the rate provided herein, and Declarant or the Association shall have a lien on that Lot and the improvements thereon to secure the repayment of such amounts. Such lien may be enforced by foreclosure against that Lot and the improvements thereon, but such lien shall be subordinate to any first mortgage or deed of trust thereon.

**Section 7. Duty to Repair and Rebuild.**

(a) Lot Owners shall, at their sole cost and expense, repair their residence, keeping it in a condition comparable to that at the time of its initial construction.

(b) If all or any portion of a residence is damaged or destroyed by fire, or other casualty, then the Owner shall, with all due diligence, promptly rebuild, repair, or reconstruct such residence in a manner which will substantially restore it to its condition immediately prior to the casualty.

**Section 8. Business; Home Occupations.** No trade or business of any kind (and no practice of medicine, dentistry, chiropractic, osteopathy and other like endeavors) shall be conducted on any Lot, nor shall anything be done thereon which may become an annoyance or nuisance to the neighborhood, provided that an office may be maintained by business and professional persons if no signs are posted on the premises and no consultation or treatment is performed for visitors to the premises. In addition, notwithstanding the provisions hereof, a new house or houses may be used by a builder thereof as a model home for display or for the builder's own office provided said use terminates within eighteen (18) months from completion of the house or upon such additional period of time as may be expressly agreed to in writing by Declarant.

**Section 9. Signs.** No sign for advertising or for any other purpose shall be displayed on any Lot or on a building or a structure on any Lot, except one (1) sign by the builder and one sign by the realtor or Owner advertising the sale or rent thereof, which shall not be greater in area than twelve (12) square feet each; provided, however, Declarant, or its designee or designees, shall have the right to (i) erect larger signs when advertising the subdivision, (ii) place signs on Lots designating the Lot numbers, and (iii) following the sale of a Lot, place signs on such Lot indicating the name of the purchaser. This restriction shall not prohibit placement of occupant name signs and Lot numbers as allowed by applicable zoning regulations.

**Section 10. Drainage.** Drainage of each Lot shall conform to the general drainage plans of Declarant for the subdivision. Each Lot shall be graded and landscaped so as to direct drainage down the side Lot lines, away from adjacent Lots, as approved by Declarant. No storm water drains, roof downspouts or ground water shall be introduced into the sanitary sewage system. Connections on each Lot shall be made with watertight joints in accordance with all applicable plumbing code requirements.

**Section 11. Disposal of Trash.** No Lot shall be used or maintained as a dumping ground for rubbish, trash or garbage. Trash, garbage or other waste shall not be kept except in sanitary containers.

**Section 12. Underground Utility Service.**

(a) Each Lot Owner's electric utility service lines shall be underground throughout the length of service line from Middle Tennessee Electric Membership Corporation ("MTEMC") point of delivery to the customer's building. Title to the service lines shall remain in, and the cost of installation and maintenance thereof, shall be borne by, the Lot Owner upon whose Lot the service line is located.

Appropriate easements are hereby dedicated and reserved to each Lot Owner, together with the right of ingress and egress over abutting Lots or properties to install, operate and maintain electric service lines to termination points of the utility service provider. Electric service lines, as installed, shall determine the exact location of said easements.

(b) Above-ground electric transformers and pedestals may be installed at appropriate points in any electric easement.

In consideration of bringing service to the property shown on this plat, MTEMC is granted the right to make further extensions of its lines from all overhead and underground distribution lines.

**Section 13. Rules for Common Area.** The Association is authorized to adopt rules for the use of Common Area and such rules shall be furnished in writing to the Lot Owners.

**Section 14. Concrete Delivery and Washdowns.** Concrete may be delivered to any lot only in trucks containing not more than six (6) yards of concrete in order to limit damage due to

excessive weight of concrete trucks. Concrete trucks shall be washed down only in areas designated by Declarant, or its assignee for such purpose.

## ARTICLE IX

## ASSESSMENT TO DECLARANT

No assessment shall be made upon any vacant lot owned by Declarant.

## ARTICLE X

## RESERVES FOR REPLACEMENT AND WORKING CAPITAL

**Section 1. Reserves.** The Association shall establish and maintain an adequate reserve funds for the periodic maintenance, repair and replacement of improvements to the Common Area. The reserve fund shall be maintained out of regular assessments for common expenses.

**Section 2. Working Capital.** The Association shall collect for the initial months of the operation of the Properties an amount equal to at least two (2) months' assessments for each Lot at the time of the sale by Declarant, or an assignee of Declarant, to a purchaser of a Lot. Such funds shall be collected from the purchaser at the closing of sale of the Lot. Such funds shall be maintained in an account for the use and benefit of the Association to insure that the Association will have cash available to meet unforeseen expenditures, or to acquire additional equipment or services deemed necessary or desirable. Amounts paid into said fund are not to be considered as advance payment of the regular assessments.

## ARTICLE XI

## INSURANCE AND FIDELITY BONDS

The Association shall maintain in effect casualty and liability insurance and fidelity bond coverage as is necessary to protect the Association and its employees, and such insurance and

fidelity bond coverage shall be in an amount and in a form sufficient to meet the guidelines set forth in the Federal National Mortgage Association Lending Guide, Chapter 3, Part 5.

## ARTICLE XII

## RIGHTS OF LENDER

**Section 1.** Upon written request to the Association, identifying the name and address of the holder, insurer or guarantor and the name and address of the affected Lot Owner, any mortgage holder, insurer or guarantor will be entitled to timely written notice of:

A. Any condemnation or casualty loss that affects either a material portion of the Properties or the Lot securing its mortgage or deed of trust.

B. Any sixty (60) day delinquency in the payment of assessments or charges owed by the Owner of any Lot on which it holds a mortgage or deed of trust.

C. A lapse, cancellation or material modification of any insurance policy or fidelity bond maintained by the Association.

D. Any proposed action that requires the consent of a specified percentage of mortgage or deed of trust holders.

**Section 2.** Any holder of a first mortgage or deed of trust is entitled, upon written request, to a financial statement for the immediately preceding fiscal year of the Association.

**Section 3.** The Association is required to make available not only to Lot Owners, but to lenders, and to holders, insurers or guarantors of any first mortgage or deed of trust, current copies of the Declaration, By-Laws, other rules concerning the Properties, and the books, records and financial statements of the Association. "Available" means available for inspection, upon request, during normal business hours or under other reasonable circumstances.

## ARTICLE XIII

## GENERAL PROVISIONS

**Section 1. Enforcement.** The Declarant, the Association or any Owner shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration, including the right to prosecute an action or other proceeding against any defaulting Lot Owner for enforcement of any lien and the appointment of a receiver for the Lot and ownership interest of such Lot Owner, or for damages or injunction or specific performance, or for judgment for payment of money and collection thereof, or the right to sell the Lot through judicial process, or for any combination of remedies, or for any other relief. All expenses of the Declarant, the Association or any Owner in connection with any such action or proceedings including court costs and attorneys' fees and other fees and expenses and all damages, liquidated or otherwise, together with interest thereon at the lesser of ten (10%) percent per annum, or the highest rate then allowed by applicable law, until paid, shall be charged to and assessed against any such defaulting Lot Owner, and shall be added to and deemed part of the assessment to which the Lot in question is subject, and the Declarant, the Association or any Owner shall have a lien for all of the same, as well as for nonpayment of the assessment to which the Lot in question is subject, upon the Lot of such defaulting Lot Owner and upon all of such Owner's additions and improvements thereto and upon all of such Owner's personal property on the Lot or located elsewhere in the Properties, provided, however, that such lien shall be subordinate to the lien of a recorded mortgage or deed of trust on the interest of such Lot Owner, except for the amount of the proportionate share of the assessment to which the Lot in question is subject which becomes due and payable from and after the date on which the said mortgage or deed of trust owner or holder either takes possession of the Lot, or

accepts a conveyance of any interest therein (other than as a security). In the event of any such default by any Lot Owner, the Declarant, the Association or any Owner shall have the authority to correct such default, and to do whatever may be necessary for such purpose and all expenses in connection therewith shall be charged to and assessed against such defaulting Owner and Lot. Any and all such rights and remedies may be exercised at any time and from time to time, cumulatively or otherwise, by the Declarant or the Association. This paragraph shall not be amended, changed, modified or rescinded without the prior consent of all holders of record of mortgages and deeds of trust against Lots in the Properties.

The violation of any restriction, condition or regulation adopted by the Association or the breach of any covenant or provision herein contained, shall give the Declarant or the Association the right, in addition to any other rights provided for in this Declaration: (a) to enter (either peaceably or forcibly without liability to such Lot Owner for such entry) upon the portion of a residence thereon, or as to which such violation or breach exists and to summarily abate and remove, at the expense of the defaulting Lot Owner, any structure, thing or condition that may exist thereon contrary to the intent and meaning of the provisions hereof, and the Declarant or the Association, or its employees or agents, shall not thereby be deemed guilty in any manner of trespass; or (b) to enjoin, abate or remedy by appropriate legal proceedings, either at law or in equity, the continuance of any breach; or (c) to take possession (either peaceably or forcibly without liability to such Lot Owner for such entry) of such Lot Owner's interest in the Properties and to maintain an action for possession of such Lot in the manner provided by law.

If any Lot Owner (either by such Owner's own conduct or by the conduct of any other occupant of the Lot) shall violate any of the covenants or restrictions or provisions of this Declaration or the regulations adopted by the Association, and if such default or violation shall

continue for ten (10) days after notice to the Lot Owner in writing from the Association or shall occur repeatedly during any ten (10) day period after such written notice or request to cure such violation from the Association, then the Board shall have the power to issue to said defaulting Owner a notice in writing terminating the rights of the said defaulting Owner to continue as a Lot Owner and to continue to occupy, use or control such Owner's Lot and thereupon an action in equity may be filed by the Association against said defaulting Owner for a decree of mandatory injunction against such defaulting Owner or any occupant, or in the alternative, for a decree declaring the termination of said defaulting Owner's right to occupy, use or control the Lot owned by such Owner on account of said violation, and ordering that all the right, title and interest of said defaulting Owner in the Lot shall be sold (subject to any existing deed of trust or mortgage) at a judicial sale upon such notice and terms as the court shall determine, except that the court shall enjoin and restrain the said defaulting owner from reacquiring such Owner's interest at such judicial sale. The proceeds of any such judicial sale shall first be paid to discharge court costs, court reporter charges, reasonable attorneys' fees and all other expenses of the proceeding and sale, and all such items shall be taxed against said defaulting Owner in said decree. Any balance of proceeds, after satisfaction of such charges and any unpaid assessments hereunder or any liens, shall be paid to said defaulting Owner. In addition to the other remedies provided for herein, in the event of a default by a Lot Owner in the payment of such Lot Owner's respective share of the common expenses which default continues for a period of ninety (90) days, the Association shall have the power and authority to place such Lot Owner's name on a list of delinquent Lot Owners, which list may be posed at a place designated by the Association for notices. Failure by the Association or by any Owner to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so thereafter.

**Section 2. Severability.** Invalidation of any one of these covenants or restrictions by judgment or court order shall in no wise affect any other provision which shall remain in full force and effect.

**Section 3. Amendment.** The covenants and restrictions of this Declaration shall run with and bind the land for a term of twenty (20) years from the date this Declaration is recorded, after which time they shall be automatically extended for successive periods of ten (10) years. This Declaration may be amended by an instrument signed by not less than seventy-five (75%) percent of the Lot Owners. Any amendment must be recorded. Notwithstanding the foregoing, Declarant shall have the unilateral right to make any amendments to this Declaration it may deem necessary or proper for the purpose of annexation of additional property into this instrument or for completion of the Properties, as may be required to obtain Fannie Mae approval for this subdivision, or to otherwise exercise Declarant's unilateral rights to amend this Declaration as provided herein.

**Section 4. Easements.** Declarant reserves the right to create any additional easements, or modify existing easements, necessary for the development of the Properties for a period of fifteen (15) years from date hereof. Upon request of Declarant, any Lot Owner shall grant such additional easements, or modifications of easements, as Declarant may require. All easements shall be established as set forth on the Plat.

**Section 5. Rights of Declarant to Maintain a Sales Office.** Declarant, or any other party designated by Declarant, shall have the right to place on any Lot a sales and/or construction trailer and to establish in any residence or other building completed on any Lot a sales office with appropriate signs, and any such sales or construction trailer or building may continue to be used until the complete sales promotion and sale of all Lots, and all residences constructed on the Properties to be sold, have occurred, notwithstanding any other provision in this Declaration.

**Section 6. Covenants Running with Land.** The covenants, conditions and restrictions contained herein shall run with the land encumbered hereby and shall be binding upon all parties having or acquiring any right, title or interest in all or any portion of the Properties and shall inure to the benefit of each Owner as herein defined.

**Section 7. Personal Liability.** No member of the Board or any committee of the Association, or any officer of the Association, or the Declarant, or the manager of the Association, if any, shall be personally liable to any Owner, or to any other party, including the Association, for any damage, loss or prejudice suffered or claimed on account of any act, omission, error or negligence of the Association, the Board, the manager, if any, or any other representative or employee of the Association, the Declarant, or any committee, or any officer of the Association, or the Declarant, provided that such person has, upon the basis of such information as may be possessed by him, acted in good faith, without willful or intentional misconduct.

**IN WITNESS WHEREOF**, the Declarant has executed this document on this 3rd day of December, 2004.

**CK DEVELOPMENT, L.L.C.,**
a Tennessee limited liability company

By: [signature]
Steven G. Cates, Chief Manager

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON)

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, **STEVEN G. CATES**, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained, and who further acknowledged that he is **CHIEF MANAGER** of the maker or a constituent of the maker and is authorized by the maker or by its constituent, the constituent being authorized by the maker, to execute this instrument on behalf of the maker.

**WITNESS** my hand, at office, this 3 day of December, 2004.

[signature]
Notary Public

My Commission Expires: __________

WESLEY D. TURNER
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires JAN. 27, 2007

## Exhibit A

**Tract 1:**

Being a parcel of land lying in the Seventeenth Civil District of Williamson County, Tennessee, a portion of Parcel 25 on Tax Map 59, said property being a portion of the Dobson Family Partners, L.P. and The Lillian Dobson Dunavant Family Limited Partnership property recorded in Deed Book 1357, Page 176 & 180, R.O.W.C.T. and being more particularly described as follows:

**BEGINNING** at an point in the west margin of Clovercroft Road, 25.00' from centerline, said point being located South 14°39'14" West a distance of 897.94' from the northeast corner of the parent tract; Thence with a new severance line South 87°08'46" East a distance of 30.00' to a point in the centerline of Clovercroft Road;

Thence with the centerline Clovercroft Road the following calls:

South 02°51'14" West a distance of 152.34' to a point
Along a curve to the right with an arc length of 194.26, a radius of 300.00', and being subtended by a chord bearing and distance of North 21°24'17" East, 190.89 to a point;
South 39°57'20" West a distance of 60.25 to a point;
South 44°17'33" West a distance of 225.84' to a point;
Along a curve to the left with an arc length of 528.18, a radius of 1469.60', and being subtended by a chord bearing and distance of South 34°43'11" West, 525.34 to a point;

Thence with new severance lines the following calls:

North 65°34'01" West a distance of 30.00' to a point;
North 65°31'12" West a distance of 48.96' to a point;
North 85°41'43" West a distance of 87.84' to a point;
North 55°41'43" West a distance of 88.19' to a point;
North 25°41'43" West a distance of 88.19' to a point;
North 04°18'17" East a distance of 88.10' to a point;
North 36°22'21" East a distance of 87.84' to a point;
North 40°14'34" East a distance of 150.00' to a point;
North 44°30'04" East a distance of 54.85' to a point;
North 16°36'59" East a distance of 72.13' to a point;
North 14°17'24" East a distance of 250.62' to a point;
North 08°22'52" East a distance of 64.68' to a point;
North 33°42'14" East a distance of 15.72 to a point;
North 29°38'41" East a distance of 64.48' to a point;
North 26°30'07" East a distance of 78.77' to a point
North 66°29'02" East a distance of 140.46' to a point;
North 71°41'11" East a distance of 51.00' to a point;
North 81°07'49" East a distance of 77.90' to a point;

N MBH 472888 v1
2823481-000003 08/10/04

South 70°39'37" East a distance of 77.01' to a point;
South 47°32'43" East a distance of 120.76' to a point;
South 87°08'46" East a distance of 35.93 to the **POINT OF BEGINNING**, having an area of 451,717 square feet, 10.37 acres more or less, as shown by survey made by Stantec Consulting Services Inc., Christopher R. Conrad, R.L.S. No. 2166, 51 Century Boulevard, Suite 100, Nashville, Tennessee, 37214, dated August 10, 2004.

Being part the same property conveyed to Dobson Family Partners, L.P. by deed of record in Book 1357, page 176, Register's Office for Williamson County, Tennessee, and further being the same property conveyed to The Lillian Dobson Dunavant Family Limited Partnership by deed of record in Book 1357, page 180, said Register's Office.

**Tract 2:**

Being a parcel of land lying in the Seventeenth Civil District of Williamson County, Tennessee, a portion of Parcel 25 on Tax Map 59, said property being a portion of the Dobson Family Partners, L.P. and The Lillian Dobson Dunavant Family Limited Partnership property recorded in Deed Book 1357, Page 176 & 180, R.O.W.C.T. and being more particularly described as follows:

**BEGINNING** at a point in the centerline of Sam Donald Road and being located in the south line of McGowan, Deed Book 494, Page 7 and the Northwest corner of the Herein described tract.

Thence with the Centerline of Sam Donald Road the following calls:

South 84°40'08" East a distance of 468.65' to a point;

Thence the new severance lines the following calls:

South 04°56'16" West a distance of 180.00' to a point;
South 55°18'57" East a distance of 92.75' to a point;
South 40°30'07" East a distance of 79.77' to a point;
South 20°22'03" East a distance of 95.71' to a point;
South 03°58'41" East a distance of 112.77' to a point;
South 30°28'59" West a distance of 50.73' to a point;
South 30°28'59" West a distance of 52.63' to a point;
South 59°31'01" East a distance of 130.00' to a point;
South 30°28'59" West a distance of 120.00' to a point;
South 59°31'01" East a distance of 25.00' to a point;
South 30°28'59" West a distance of 50.00' to a point;
South 30°28'59" West a distance of 326.83' to a point;
South 28°58'04" West a distance of 50.03' to a point;
South 30°50'09" West a distance of 144.92' to a point;
South 33°46'37" West a distance of 107.16' to a point;
South 57°15'22" East a distance of 266.22' to a point;

South 10°09'23" West a distance of 238.62’ to a point;
South 59°33'16" West a distance of 20.84’ to a point;
North 66°04'19" West a distance of 112.79’ to a point;
North 59°31'01" West a distance of 260.00’ to a point;
North 59°31'01" West a distance of 50.00’ to a point;
North 59°31'01" West a distance of 305.00’ to a point;
North 39°10'23" West a distance of 63.36’ to a point;
North 69°33'19" West a distance of 101.89’ to a point;
South 70°44'30" West a distance of 110.28’ to a point;
North 59°31'01" West a distance of 70.00’ to a point;
North 30°28'59" East a distance of 235.45’ to a point;
North 59°31'01" West a distance of 60.00’ to a point;
South 30°28'59" West a distance of 341.05’ to a point;
North 59°31'01" West a distance of 50.00’ to a point;
North 59°30'55" West a distance of 93.64’ to a point;
North 10°11'25" East a distance of 225.90’ to a point;
North 17°23'08" East a distance of 96.55’ to a point;
North 33°44'59" West a distance of 218.41’ to a point;
North 33°44'59" West a distance of 50.00’ to a point;
North 33°44’59" West a distance of 120.00 to a point;
South 56°15'01" West a distance of 10.00’ to a point;
North 33°44’59" West a distance of 124.00’ to a point;
North 43°46'56" West a distance of 105.73’ to a point;
South 85°36'37" West a distance of 71.96’ to a point;
North 53°23'17" West a distance of 82.09’ to a point;

Along a curve to the left with an arc length of 12.29’, a radius of 100.00’, and being subtended by a chord bearing and distance of South 24°39'56" West 12.29’ to a point;

South 21°08'37" West a distance of 7.30’ to a point;
North 68°51'23" West a distance of 50.00 to a point;
North 38°23'17" West a distance of 167.55’ to a point;
South 52°09’52" West a distance of 61.10’ to a point;
South 52°12'51" West a distance of 87.10’ to a point;
South 52°12'51" West a distance of 50.00’ to a point;
North 37°47'09" West a distance of 107.00’ to a point;

Along a curve to the left with an arc length of 39.27’, a radius of 25.00’, and being subtended by a chord bearing and distance of North 82°47'09" West, 35.36’ to a point;

North 37°47'09" West a distance of 50.00’ to a point;
North 52°12'51" East a distance of 3.91’ to a point;
North 37°47’09" West a distance of 100.00’ to a point;
North 27°04'37" West a distance of 327.96 to a point;
North 42°07’14" East a distance of 184.66’ to a point;
North 42°07'14" East a distance of 79.37’ to a point;
North 42°00'08" East a distance of 298.14’ to a point;
North 42°00'08" East a distance of 30.09’ to a point;

Along a curve to the right with an arc length of 173.65', a radius of 445.04', and being subtended by a chord bearing and distance of South 68°37'28" East, 172.55' to a point;

South 57°26'46" East a distance of 175.21' to a point;

Along a curve to the left with an arc length of 251.74', a radius of 1000.00', and being subtended by a chord bearing and distance of South 64°39'28" East, 251.07' to a point;

South 71°52'10" East a distance of 433.65' to a point;

Along a curve to the Left with an arc length of 335.09', a radius of 1500.00', and being subtended by a chord bearing and distance of South 78°16'09" West, 334.39' to a point;

South 84°40'08" East a distance of 124.63' to the POINT OF BEGINNING and containing 60.95 acres, more or less, as shown by survey made by Stantec Consulting Services Inc., Christopher R. Conrad, R.L.S. No. 2166, 51 Century Boulevard, Suite 100, Nashville, Tennessee, 37214, dated August 10, 2004.

Included in the above description but expressly excluded from this conveyance is a parcel of land more particularly described as follows:

Commencing from a point, said point in the centerline of Sam Donald Road and in the south line of McGowan, Deed Book 494, page 7, runs thence South 11°53'08" East and a distance of 474.76' to a point and being the true Point of Beginning; thence with severance lines the following calls:

South 07°19'54" West a distance of 132.67' to a point;
South 30°28'59" West a distance of 50.00 to a point;
South 59°31'01" East a distance of 45.00' to a point;
South 30°28'59" West a distance of 254.10' to a point;

Along a curve to the right with an arc length of 97.68', a radius of 295.00', and being subtended by a chord bearing and distance of South 39°58'08" West, 97.23' to a point;

Along a curve to the right with an arc length of 208.39', a radius of 295.00', and being subtended by a chord bearing and distance of South 69°41'31 West, 204.08 to a point;

North 78°22'05" West a distance of 80.35' to a point;
North 71°45'38" West a distance of 70.53' to a point;
North 30°28'59" East a distance of 17.96' to a point;
North 59°31'01" West a distance of 49.00' to a point;
North 59°31'01" West a distance of 71.00' to a point;
North 59°31'01" West a distance of 50.00' to a point;
North 59°31'01" West a distance of 120.00' to a point;
North 30°28'59" East a distance of 102.00' to a point;
North 30°28'59" East a distance of 50.00' to a point;
North 30°28'59" East a distance of 120.00' to a point;
North 30°28'59" East a distance of 135.00' to a point;
South 59°31'01" East a distance of 120.00 to a point;
South 59°31'01" East a distance of 50.00 to a point;

South 59°31'01" East a distance of 120.00 to a point;

North 30°28'59" East a distance of 205.63' to a point;

South 84°38'50" East a distance of 213.00 to the POINT OF BEGINNING and containing 6.55 acres, more or less, as shown by survey made by Stantec Consulting Services Inc., Christopher R. Conrad, R.L.S. No. 2166, 51 Century Boulevard, Suite 100, Nashville, Tennessee, 37214, dated August 10, 2004.

Being part the same property conveyed to Dobson Family Partners, L.P. by deed of record in Book 1357, page 176, Register's Office for Williamson County, Tennessee, and further being the same property conveyed to The Lillian Dobson Dunavant Family Limited Partnership by deed of record in Book 1357, page 180, said Register's Office.

Tract 1 and Tract 2 being the same property conveyed to CK Development, L.L.C. by deed of record in Book 3323, page 913, Register's Office for Williamson County, Tennessee.

N MBH 472888 v1
2823481-000003 08/10/04

# EXHIBIT B

# BYLAWS

# OF

# BENT CREEK HOMEOWNERS ASSOCIATION

## ARTICLE I

**NAME AND LOCATION.** The name of the corporation is **BENT CREEK HOMEOWNERS ASSOCIATION**, hereinafter referred to as the "Association." The principal place of the corporation shall be located at 1612 Westgate Circle, Suite 220, Brentwood, Tennessee 37027, but meetings of members and directors may be held at such places as may be determined by the Board of Directors.

## ARTICLE II

## DEFINITIONS

**Section 1.** "Association" shall mean and refer to **BENT CREEK HOMEOWNERS ASSOCIATION**, its successors and assigns.

**Section 2.** "Declarant" shall mean and refer to **CK DEVELOPMENT, L.L.C.,** a Tennessee limited liability company, its successors and assigns, if such successors or assigns should acquire more than one (1) undeveloped Lot from the Declarant for the purpose of development. Any party designated by CK Development, L.L.C., or its successors or assigns, as having the rights of Declarant herein, shall be included within the definition of "Declarant" and shall have the rights of Declarant as stated in the Declaration.

**Section 3.** "Common Area" or "Common Areas" shall mean the Common Area as defined in the Declaration.

**Section 4.** "Declaration" shall mean and refer to the Declaration of Covenants, Conditions and Restrictions applicable to the Properties recorded in the Office of the Register for Williamson County, Tennessee.

**Section 5.** "Lot" shall mean and refer to any plot of land shown upon any recorded subdivision map of the Properties.

**Section 6.** "Member" or "Members" shall mean and refer to those persons entitled to membership as provided in the Declaration.

**Section 7.** "Owner" shall mean and refer to the record owner, whether one or more persons or entities, of fee simple title to any Lot which is a part of the Properties, including contract sellers, but excluding those having such interest merely as security for the performance of an obligation.

**Section 8.** "Properties" shall mean and refer to that certain real property described in the Declaration, and such additions thereto as may hereafter be brought within the jurisdiction of the Association.

## ARTICLE III

## MEETING OF MEMBERS

**Section 1. Annual Meetings.** The first annual meeting of the Members shall be held within one (1) year from the date of incorporation of the Association, and each subsequent regular annual meeting of the Members shall be held annually thereafter as may be determined by the Board of Directors.

**Section 2. Special Meetings.** Special meetings of the Members may be called at any time by the president or by the Board of Directors, or upon written request of the Members who are entitled to vote one-fourth (1/4) of all votes of the Class A membership.

**Section 3. Notice of Meetings.** Written notice of each meeting of the Members shall be given by, or at the direction of, the secretary or person authorized to call the meeting, by mailing a copy of such notice, postage prepaid, at least fifteen (15) days before such meeting to each Member entitled to vote thereat, addressed to the Member's address last appearing on the books of the Association, or supplied by such member to the Association for the purpose of notice. Such notice shall specify the place, day and hour of the meeting and, in the case of a special meeting, the purpose of the meeting.

**Section 4. Quorum.** The presence at the meeting of Members entitled to cast, or of proxies entitled to cast, one-fifth (1/5th) of the votes of each class of membership shall constitute a quorum for any action except as otherwise provided in the Articles of Incorporation, the Declaration, or these Bylaws. If, however, such quorum shall not be present or represented at any meeting, the Members entitled to vote thereat shall have power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum as aforesaid shall be present or represented.

**Section 5. Proxies.** At all meetings of Members, each Member may vote in person or by proxy. All proxies shall be in writing and filed with the secretary. Every proxy shall be revocable and shall automatically cease upon conveyance by the Member of the Lot.

## ARTICLE IV

## BOARD OF DIRECTORS: SELECTION: TERM OF OFFICE

**Section 1. Number.** The affairs of this Association shall be managed by a Board of five (5) directors, who need not be Members of the Association.

**Section 2. Initial Board of Directors.** The Board shall initially have five (5) members, all appointed by and serving at the pleasure of the Declarant, with additional members being elected and added from time to time pursuant to the following section until the Board reaches seven (7) members. The initial Directors appointed by the Declarant shall serve indefinite terms ending when displaced by the qualification and election of what would otherwise be an eighth (8th) director.

**Section 3. Reallocation of Board of Directors Seats as Homes are Occupied.** Additional members of the Board of Directors shall be elected as follows: when twenty percent (20%) of the total of the eight hundred four (804) homes conditionally permitted by the final subdivision plan then approved by and on file with the Nolensville Planning Commission are Owner occupied, the Class A Members shall elect a sixth (6th) director from among their own number. When forty percent (40%) of such homes are Owner occupied, the Class A Members shall elect a new director from among their own number, displacing one Declarant appointed director. When eighty percent (80%) of such homes are Owner occupied, the Class A Members shall elect a new director from among their number, displacing another Declarant appointed director. When ninety-five percent (95%) of all authorized homes are Owner occupied, the Class A Members shall elect a new director from among their number, displacing a Declarant appointed director. When all of the authorized homes have been completed and sold by the Declarant or a professional builder to an end user (whether for occupancy or rent), all director terms shall expire and the then Owners shall elect seven (7) new directors. Thereafter, director terms shall be for one (1) year and a new Board elected annually.

**Section 4. Adjustment to be Made if and When Additional Properties are Brought into the Development Scheme.** As additional property is proposed for inclusion within the scope of these Bylaws, any additional homes authorized by the Nolensville Planning Commission shall be counted to determine if a required percentage level of occupancy in the foregoing paragraph has been achieved. However, the number of Owner elected directors on the Board, once achieved, shall never be reduced by virtue of such action.

**Section 5. Removal.** Any director may be removed from the Board, with or without cause, by a majority vote of the Members of the Association. In the event of death, resignation or removal of a director, such director's successor shall be selected by the remaining members of the Board and shall serve for the unexpired term of the predecessor.

**Section 6. Compensation.** No director shall receive compensation for any service the director may render to the Association. However, any director may be reimbursed for actual expenses incurred in the performance of the director's duties.

**Section 7. Action Taken Without a Meeting.** The directors shall have the right to take any action in the absence of a meeting which they could take at a meeting, by obtaining the written approval of all the directors. Any action so approved shall have the same effect as though taken at a meeting of the directors.

## ARTICLE V

## NOMINATION AND ELECTION OF DIRECTORS

**Section 1. Nomination.** Nomination for election to the Board of Directors shall be made by a Nominating Committee. Nominations may also be made from the floor at the annual meeting. The Nominating Committee shall consist of a Chairman, who shall be a member of the Board of Directors, and two or more Members of the Association. The Nominating Committee shall be appointed by the Board of Directors, prior to each annual meeting of the Members, to serve from the close of such annual meeting until the close of the next annual meeting, and such appointment shall be announced at each annual meeting. The Nominating Committee shall make as many nominations for election to the Board of Directors as it shall in its discretion determine, but not less than the number of vacancies that are to be filled. Such nominations may be made from among Members or non-Members.

**Section 2. Election.** Election to the Board of Directors shall be by secret written ballot. At such election, the Members or their proxies may cast, in respect to each vacancy, as many votes as they are entitled to exercise under the provisions of the Declaration. The persons receiving the largest number of votes shall be elected. Cumulative voting is not permitted.

## ARTICLE VI

## MEETINGS OF DIRECTORS

**Section 1. Regular Meetings.** Regular meetings of the Board of Directors shall be held monthly, without notice, at such place and hour as may be fixed from time to time by resolution of the Board. Should said meeting fall upon a legal holiday, then that meeting shall be held at the same time on the next day which is not a legal holiday.

**Section 2. Special Meetings.** Special meetings of the Board of Directors shall be held when called by the president of the Association or by any two (2) directors, after not less than three (3) days notice to each director.

**Section 3. Quorum.** A majority of the number of directors shall constitute a quorum for the transaction of business. Every act or decision done or made by a majority of the directors present at a duly held meeting at which a quorum is present shall be regarded as the act of the Board.

## ARTICLE VII

## POWERS AND DUTIES OF THE BOARD OF DIRECTORS

**Section 1. Powers.** The Board of Directors shall have power to:

(a) adopt and publish rules and regulations governing maintenance and the use of the Common Area and to establish penalties for the infraction thereof;

(b) suspend the voting rights and right to use of any recreational facilities of a Member during any period in which such Member shall be in default in the payment of any assessment levied by the Association. Such rights may also be suspended after notice and hearing, for a period not to exceed sixty (60) days for infraction of published rules and regulations;

(c) exercise for the Association all powers, duties and authority vested in or delegated to this Association and not reserved to the membership by other provisions of these Bylaws, the Articles of Incorporation, or the Declaration;

(d) declare the office of a member of the Board of Directors to be vacant in the event such member shall be absent from three (3) consecutive regular meetings of the Board of Directors; and

(e) employ a manager, an independent contractor or such other employees as they deem necessary, and to prescribe their duties.

**Section 2. Duties.** It shall be the duty of the Board of Directors to:

(a) cause to be kept a complete record of all its acts and corporate affairs and to present a statement thereof to the Members at the annual meeting of the Members, or at any special meeting when such statement is requested, in writing, by one-fourth (1/4) of the Class A Members who are entitled to vote;

(b) supervise all officers, agents and employees of this Association, and to see that their duties are properly performed;

(c) as more fully provided in the Declaration, to:

(1) fix the amount of the annual assessment against each Lot at least thirty (30) days in advance of each annual assessment period;

(2) send written notice of each assessment to every Owner subject thereto at least thirty (30) days in advance of each annual assessment period; and

(3) foreclose the lien against any property for which assessments are not paid within thirty (30) days after the due date or to bring an action at law against the owner personally obligated to pay the same;

(d) issue, or to cause an appropriate officer to issue, upon demand by any person, a certificate setting forth whether or not any assessment has been paid. A reasonable charge may be made by the Board for the issuance of these certificates. If a certificate states an assessment has been paid, such certificate shall be conclusive evidence of such payment;

(e) procure and maintain adequate liability and hazard insurance on property owned by the Association;

(f) cause all officers or employees having fiscal responsibilities to be bonded, as it may deem appropriate; and

(g) cause the Common Area to be maintained.

## ARTICLE VIII

## OFFICERS AND THEIR DUTIES

**Section 1. Enumeration of Offices.** The officers of this Association shall be a president and vice-president, who shall at all times be members of the Board of Directors, a secretary, a treasurer, and such other officers as the Board may from time to time by resolution create.

**Section 2. Election of Officers.** The election of officers shall take place at the first meeting of the Board of Directors following each annual meeting of the Members.

**Section 3. Term.** The officers of this Association shall be elected annually by the Board, and each shall hold office for one (1) year unless the officer shall sooner resign, or shall be removed, or otherwise disqualified to serve.

**Section 4. Special Appointments.** The Board may elect such other officers as the affairs of the Association may require, each of whom shall hold office for such period, have such authority, and perform such duties, as the Board may, from time to time, determine.

**Section 5. Resignation and Removal.** Any officer may be removed from office, with or without cause, by the Board. Any officer may resign at any time by giving written notice to the Board, the president or the secretary. Such resignation shall take effect on the date of receipt of such notice or at any later time specified therein, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

**Section 6. Vacancies.** A vacancy in any office may be filled by appointment by the Board. The officer appointed to such vacancy shall serve for the remainder of the term of the officer that he replaces.

**Section 7. Multiple Offices.** The offices of secretary and treasurer may be held by the same person. No person shall simultaneously hold more than one of any of the other offices, except in the case of special offices created pursuant to Section 4 of this Article.

**Section 8. Duties.** The duties of the officers are as follows:

**President**

(a) The president shall preside at all meetings of the Board of Directors; shall see that orders and resolutions of the Board are carried out; shall sign all leases, mortgages, deeds and other written instruments; and shall co-sign all checks and promissory notes.

**Vice-President**

(b) The Vice-president shall act in the place and stead of the president in the event of the President's absence, inability or refusal to act, and shall exercise and discharge such other duties as may be required of the Vice-President by the Board.

**Secretary**

(c) The secretary shall record the votes and keep the minutes of all meetings and proceedings of the Board and of the Members; shall keep the corporate seal of the Association, if any, and affix it on all papers requiring said seal; shall serve notice of meetings of the Board and of the members; shall keep appropriate current records showing the Members of the Association together with their addresses; and shall perform such other duties as required by the Board.

**Treasurer**

(d) The treasurer shall receive and deposit in appropriate bank accounts all monies of the Association; shall disburse such funds as directed by resolution of the Board of Directors; shall sign all checks and promissory notes of the Association; shall keep proper books of account; shall cause an annual audit of the books of the Association to be made by a public accountant at the completion of each fiscal year; and shall prepare an annual budget and a statement of income and expenditures to be presented to the membership at its regular annual meeting, and deliver a copy of each to the members.

## ARTICLE IX

## COMMITTEES

The Association shall appoint an Architectural Control Committee, as provided in the Declaration, and a Nominating Committee, as provided in these Bylaws, provided that the foregoing committees are not required so long as Declarant owns a Lot. In addition, the Board of Directors shall appoint other committees as deemed appropriate in carrying out its purpose.

## ARTICLE X

## BOOKS AND RECORDS

The books, records and papers of the Association shall at all times, during reasonable business hours, be subject to inspection by any Member. The Declaration, the Articles of Incorporation and the Bylaws of the Association shall be available for inspection by any Member at the principal office of the Association, where copies may be purchased at reasonable cost.

## ARTICLE XI

## ASSESSMENTS

As more fully provided in, and subject to the provisions of, the Declaration, Members are obligated to pay to the Association annual and special assessments which are secured by a continuing lien upon the property against which the assessment is made. Any assessments which are not paid when due shall be delinquent. If the assessment is not paid within thirty (30) days after the due date, the assessment shall bear interest from the date of delinquency at the lesser of ten percent (10%) per annum or the maximum rate allowed by applicable law, and the Association may bring an action at law against the Owner personally obligated to pay the same or foreclose the lien against the property, and interest, costs and reasonable attorney's fees of any such action shall be added to the amount of such assessment. No Owner may waive or otherwise escape liability for the assessments provided for herein by nonuse or abandonment of the Owner's Lot.

## ARTICLE XII

## AMENDMENTS

**Section 1.** These Bylaws may be amended by the Declarant unilaterally, or by the Member, at a regular or special meeting of the Members, by a vote of a majority of a quorum of Members, present in person or by proxy.

**Section 2.** In the case of any conflict between the Articles of Incorporation and these Bylaws, the Articles shall control. In the case of any conflict between the Declaration and these Bylaws, the Declaration shall control.

## ARTICLE XIII

## MISCELLANEOUS

The fiscal year of the Association shall begin on the first day of January and end on the 31st day of December of every year, except that the first fiscal year shall begin on the date of incorporation.

BK/PG:3966/318-320

06032300

| | |
|---|---|
| RESTRICTIONS | |
| 07/05/2006 | 02:40 PM |
| BATCH | 76504 |
| MTG TAX | 0.00 |
| TRN TAX | 0.00 |
| REC FEE | 15.00 |
| DP FEE | 2.00 |
| REG FEE | 0.00 |
| TOTAL | 17.00 |

STATE of TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Steve Cates

This instrument prepared by:
Mark E. Morrison
Grissim & Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# FIRST SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

THIS FIRST SUPPLEMENTARY DECLARATION is made on this 5th day of July, 2006, by CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, (hereinafter referred to as the ADeclarant≅).

W I T N E S S E T H:

WHEREAS, the Declaration of Covenants, Conditions and Restrictions for Bent Creek was recorded on December 6, 2004, of record in Book 3422, Page 804, Register of Deeds Office for Williamson County, Tennessee; hereinafter referred to as the A Declaration≅). (All defined terms used in this First Supplementary Declaration (including the preambles thereof) shall have the meanings ascribed thereto in the Declaration, unless otherwise stated); and

WHEREAS, the Declarant desires to annex additional property to the subdivision and subject such property to the Declaration; and

WHEREAS, pursuant to the provisions of Article II of the Declaration, the Declarant has the right to subject additional property to the Declaration, and the Declarant now desires to exercise said rights in regard to the additional property.

NOW, THEREFORE, the Declarant, for itself, its successors and assigns, covenants:

1. The Additional Property, being certain real property described on Exhibit AA≅ attached hereto and incorporated herein by reference, shall henceforth be subject to the Declaration and the jurisdiction of the Association. The Additional Property is hereby annexed to the Declaration.

2. The Declarant, for itself, its successors and assigns, hereby covenants that the Additional Property shall hereafter be held, transferred, sold, conveyed, used, leased, occupied, mortgaged or otherwise encumbered subject to all of the terms, provisions, liens, charges, easements, covenants and restrictions set forth in the Declaration, including, but not limited to, all liens and assessment provisions set forth in the Declaration. All of the terms, provisions, liens, charges, easements, covenants and restrictions set forth in the Declaration as applicable to

Book 3966 Page 318

**"EXHIBIT AA≅**

BEING all of that property shown on the Final Plat of The Reserve at Bent Creek, Section 1, of record in Plat Book P44, Page 138, Register=s Office for Williamson County, Tennessee.

BEING the same property conveyed to CK Development, L.L.C. by Warranty Deed of record in Book 3740, page 237, Register's Office for Williamson County, Tennessee.

the additional property shall be a permanent charge thereon, and shall run with the Additional Property. From and after the recording of this First Supplementary Declaration, the Declaration shall be extended to, and shall apply to, the Additional Property.

3. The provision of Section II of the Declaration not withstanding, Article V, Section 3 is amended to read as follows:

**Section 3. Minimum Floor Areas**. The following shall be the minimum floor areas for homes to be constructed in The Reserve at Bent Creek:

(a) The floor area of a one (1) story house shall be a minimum of two thousand five hundred (2500) square feet.

(b) The floor area of a two (2) story house shall be a minimum of two thousand nine hundred (2900) square feet.

Finished basement areas, sun porches, garages and open porches are not included in computing floor areas.

IN WITNESS WHEREOF, the Declarant has executed this instrument this 5th day of July, 2006.

DECLARANT:

CK DEVELOPMENT, L.L.C., a Tennessee limited liability company

BY: [signature]

Steven G. Cates, Chief Manager

STATE OF TENNESSEE
COUNTY OF WILLIAMSON

Personally appeared before me, a Notary Public, Steven G. Cates, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Chief Manager of CK Development, L.L.C., the within named bargainor, a Tennessee limited liability company, and that he as such Chief Manager, executed the foregoing instrument for the purpose therein contained by signing the name of the limited liability company by himself as Chief Manager.

Witness my hand, at office, this 5th day of July, 2006.

Cathie L. Welch
NOTARY PUBLIC

CATHIE L. WELCH STATE OF TENNESSEE NOTARY PUBLIC WILLIAMSON COUNTY, TN

My Commission Expires: 11/15/08

Pick Up

Prepared By:
Wesley D. Turner
Gullett, Sanford, Robinson & Martin, PLLC
315 Deaderick Street, Suite 1100
P. O. Box 198888
Nashville, TN 37219-8888

**SECOND SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 28 day of January, 2008 by **CK DEVELOPMENT, LLC**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee, as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein.

By virtue of this instrument, the property described in the attached Exhibit A is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**DEVELOPER:**

**CK DEVELOPMENT, LLC**
a Tennessee limited liability company

By: ______________________
Steven G. Cates, Chief Manager

336401.1/20041385



BK: 4474 PG: 691-702
08003659

| | |
|---|---|
| 12 PGS : AL - RESTRICTIONS | |
| 01/28/2008 - 11:37 AM | |
| BATCH | 116534 |
| MTG TAX | 0.00 |
| TRN TAX | 0.00 |
| REC FEE | 60.00 |
| DP FEE | 2.00 |
| REG FEE | 0.00 |
| TOTAL | 62.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, **STEVEN G. CATES,** with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he executed the within instrument for the purposes therein contained, and who further acknowledged that he is **CHIEF MANAGER** of the maker or a constituent of the maker and is authorized by the maker or by its constituent, the constituent being authorized by the maker, to execute this instrument on behalf of the maker.

Witness my hand, at office, this ____ day of January, 2008.

Notary Public

My Commission Expires: ____________

336401.1/20041385



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 46 of 139 PageID #: 1275

**EXHIBIT A**

**Property Description**

**FIRST TRACTS**

TRACT I
18.19 ACRES

Land lying in the Seventeenth Civil District, Town of Nolensville, Williamson County, Tennessee, identified as Bent Creek PUD, Phase 2 and being more particularly described as follows;

Beginning at the Southeast corner of Lot 316 of Bent Creek Phase One, Section 3A as of record in Plat Book 40, Page 47, in the Register's Office for Williamson County, Tennessee.

Thence with the following calls,
South 38 degrees 23 minutes 17 seconds East, 167.49 feet,
South 68 degrees 51 minutes 23 seconds East, 50.00 feet,
North 21 degrees 08 minutes 37 seconds East, 7.30 feet,

Thence, with a curve to the right having a radius of 100.00 feet, an arc length of 12.29 feet, and a chord bearing and distance of North 24 degrees 39 seconds 56 minutes East, 12.29 feet,

Thence, South 53 degrees 23 minutes 17 seconds East, 82.09 feet,
North 85 degrees 36 minutes 37 seconds East, 71.96 feet,
South 43 degrees 46 minutes 56 seconds East, 105.73 feet,
South 33 degrees 44 minutes 59 seconds East, 124.00 feet,
North 56 degrees 15 minutes 01 seconds East, 10.00 feet,
South 33 degrees 44 minutes 59 seconds East, 388.41 feet,
South 17 degrees 23 minutes 08 seconds West, 96.55 feet,
South 10 degrees 11 minutes 25 seconds West, 225.90 feet,
South 59 degrees 30 minutes 55 seconds East, 93.64 feet,
South 59 degrees 31 minutes 01 seconds East, 50.00 feet,
North 30 degrees 28 minutes 59 seconds East, 341.05 feet,
South 59 degrees 31 minutes 01 seconds East, 60.00 feet,
South 30 degrees 28 minutes 55 seconds West, 235.45 feet,
South 30 degrees 28 minutes 59 seconds West, 375.11 feet,

Thence with a curve to the left having a radius of 195.00 feet, an arc length of 15.69 feet, and a chord bearing and distance of South 28 degrees 10 minutes 41 seconds West, 15.69 feet,

Thence, North 64 degrees 07 minutes 38 seconds West, 60.00 feet,

Thence with a curve to the left having a radius of 255.00 feet, an arc length of 380.03 feet, and a chord bearing and distance of South 16 degrees 49 minutes 19 seconds East, 345.83 feet,

Thence South 59 degrees 31 minutes 01 seconds East, 145.99 feet,

Thence with a curve to the right having a radius of 25.00 feet, an arc length of 39.27 feet, and a chord bearing and distance of South 14 degrees 31 minutes 01 seconds East, 35.36 feet,

Thence, South 30 degrees 28 minutes 59 seconds West, 34.85 feet,

Thence with a curve to the right having a radius of 100.00 feet, an arc length of 83.69 feet, and a chord bearing and distance of South 54 degrees 27 minutes 29 seconds West, 81.27 feet,

Thence, North 03 degrees 45 minutes 31 seconds West, 119.07 feet,
South 86 degrees 14 minutes 29 seconds West, 366.00 feet
North 66 degrees 20 minutes 37 seconds West, 83.93 feet,
North 45 degrees 08 minutes 23 seconds West, 120.00 feet,
North 45 degrees 08 minutes 23 seconds West, 50.00 feet,
North 44 degrees 51 minutes 37 seconds East, 23.00 feet
North 45 degrees 08 minutes 23 seconds West, 120.00 feet,
North 44 degrees 51 minutes 37 seconds East, 101.54 feet,
North 02 degrees 11 minutes 31 seconds West, 233.65 feet,
North 18 degrees 32 minutes 24 seconds East, 86.19 feet,
North 34 degrees 21 minutes 08 seconds East, 84.87 feet,
North 57 degrees 22 minutes 06 seconds East, 97.01 feet,
North 10 degrees 11 minutes 25 seconds East, 165.54 feet
North 33 degrees 44 minutes 59 seconds West, 24.78 feet,
South 56 degrees 15 minutes 01 seconds West, 47.57 feet,
South 69 degrees 52 minutes 28 seconds West, 91.67 feet,
North 01 degrees 01 minutes 21 seconds West, 200.00 feet,

Thence with a curve to the right having a radius of 125.00 feet, an arc length of 87.30 feet, and a chord bearing and distance of North 71 degrees 00 minutes 51 seconds West, 85.54 feet,

Thence, North 51 degrees 00 minutes 20 seconds West, 5.00 feet,
North 20 degrees 51 minutes 24 seconds East, 155.92 feet,
North 60 degrees 51 minutes 48 seconds W, 146.18 feet,
North 64 degrees 26 minutes 25 seconds West, 209.98 feet,
North 65 degrees 32 minutes 17 seconds West, 136.63 feet,



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 48 of 139 PageID #: 1277

North 00 degrees 04 minutes 43 seconds East, 40.33 feet,
North 37 degrees 47 minutes 09 seconds West, 122.00 feet,
North 52 degrees 12 minutes 51 seconds East, 126.09 feet,

Thence with a curve to the right having a radius of 25.00 feet, an arc length of 39.27 feet, and a chord bearing and distance of South 82 deg 47 minutes 09 seconds East, 35.36 feet,

Thence, South 37 degrees 47 minutes 09 seconds East, 107.00 feet,
North 52 degrees 12 minutes 51 seconds East, 50.00 feet
North 52 degrees 12 minutes 51 seconds East, 87.10 feet and
North 52 degrees 12 minutes 51 seconds East, 61.11 feet to the Point of Beginning and containing 18.19 acres more or less.

TRACT II
6.62 ACRES

Land lying in the Seventeenth Civil District, Town of Nolensville, Williamson County, Tennessee, identified as Bent Creek PUD, Phase 2 and being more particularly described as follows:

Beginning at the Southwest corner of Lot 229 of Bent Creek Phase 1 Section 2B, as of record in Plat Book 41, Page 63 in the Register's Office for Williamson County, Tennessee.

Thence with the following calls,

South 07 degrees 19 minutes 54 seconds West, 132.67 feet,
South 30 degrees 28 minutes 59 seconds West, 50.00 feet,
South 59 degrees 31 minutes 01 seconds East, 45.00 feet,
South 30 degrees 28 minutes 59 seconds West, 254.10 feet,

Thence with a curve to the right having a radius of 295.00 feet, an arc length of 306.07 feet, and a chord bearing and distance of South 60 degrees 12 minutes 22 seconds West, 292.53 feet,

Thence, North 78 degrees 22 minutes 05 seconds West, 80.35 feet,
North 71 degrees 45 minutes 38 seconds West, 70.53 feet
North 29 degrees 30 minutes 43 seconds East, 17.96 feet,
North 59 degrees 31 minutes 01 seconds West, 119.70 feet,
North 59 degrees 31 minutes 01 seconds West, 50.00 feet,
North 59 degrees 31 minutes 01 seconds West, 120.00 feet,
North 30 degrees 28 minutes 59 seconds East, 102.00 feet,
North 30 degrees 28 minutes 59 seconds East, 50.00 feet,
North 30 degrees 28 minutes 59 seconds East, 120.00 feet,
North 30 degrees 28 minutes 59 seconds East, 135.00 feet,
South 59 degrees 31 minutes 01 seconds East, 120.00 feet,

South 59 degrees 31 minutes 01 seconds East, 50.00 feet,
South 59 degrees 31 minutes 01 seconds East, 120.00 feet,
North 30 degrees 28 minutes 59 minutes East, 205.63 feet, and
South 84 degrees 38 minutes 50 seconds East, 213.00 feet to the Point of Beginning and containing 6.62 acres more or less.

TRACT III

8.65 ACRES

Land lying in the Seventeenth Civil District Town of Nolensville Williamson County Tennessee identified as Bent Creek PUD Phase 2 and being more particularly described as follows.

Beginning at the Northeast corner of Lot 415 of Bent Creek Phase 1 Section 4B as of record in Plat Book 42 Page 6 in the Register's Office for Williamson County Tennessee. Thence with the following calls,
South 59 degrees 31 minutes 01 seconds East 65.00 feet,
South 81 degrees 22 minutes 39 seconds East 52.25 feet,
South 56 degrees 53 minutes 19 seconds East 124.84 feet,
South 15 degrees 23 minutes 13 seconds East 120.27 feet,
South 35 degrees 28 minutes 59 seconds West 166.68 feet,
South 30 degrees 28 minutes 59 seconds West 263.00 feet,
South 23 degrees 25 minutes 17 seconds West 203.24 feet,
South 72 degrees 31 minutes 12 seconds East 233.33 feet,
South 17 degrees 28 minutes 48 seconds West 52.83 feet,
South 01 degrees 25 minutes 54 seconds East 155.49 feet,
South 17 degrees 41 minutes 32 seconds West 106.83 feet,
South 35 degrees 42 minutes 50 seconds West 155.26 feet,
North 72 degrees 14 minutes 01 seconds West 231.22 feet,
North 11 degrees 54 minutes 13 seconds West 122.12 feet,
North 59 degrees 33 minutes 16 seconds East 20.84 feet,
North 10 degrees 09 minutes 23 seconds East 238.62 feet,
North 57 degrees 15 minutes 22 seconds West 266.22 feet,
North 33 degrees 46 minutes 37 seconds East 107.16 feet,
North 30 degrees 50 minutes 09 seconds East 14.92 feet,
North 30 degrees 50 minutes 09 seconds East 130.00 feet,
North 28 degrees 58 minutes 04 seconds East 50.03 feet,
North 30 degrees 28 minutes 59 seconds East 326.83 feet,
North 30 degrees 28 minutes 59 seconds East 50.00 feet,
North 59 degrees 31 minutes 01 seconds West 25.00 feet, and
North 30 degrees 28 minutes 59 seconds East 120.00 feet to the Point of Beginning and containing 8.65 acres more or less.

These property descriptions were prepared by Stantec Consulting Service, Inc., 51 Century Blvd., Suite 100, Nashville, Tennessee 37214, using an existing boundary survey

of such firm dated March 20, 2002. All iron pins are 5/8" rebar with cap stamped "Stantec, Nashville, TN."

Being the same property conveyed by Nolensville Residential, Inc. to CK Development, L.L.C. by Warranty Deed of record in Book 3756, page 460, Register's Office for Williamson County, Tennessee.

**SECOND TRACTS**

Land lying in the Seventeenth Civil District, Town of Nolensville, Williamson County, Tennessee, being more particularly described as follows:

Beginning at the Northeasterly corner of the Harry and Melissa Thomas property as of record in Deed Book 232, Page 214 Register's Office of Williamson County and also being the Southeasterly corner of the Nolensville Residential, Inc. Property as of record in Deed Book 1357, Pages 176-180 said corner having Tennessee State Plane, NAD 83 coordinates of North 586641.547 East 1769156.321,
Thence with the Northerly boundary of said Thomas property the following calls,
North 59 Degrees 57 Minutes 08 Seconds West a distance of 30.82 feet,
North 59 Degrees 53 Minutes 58 Seconds West a distance of 288.01 feet and
North 60 Degrees 22 Minutes 07 Seconds West a distance of 360.91 feet,
Thence leaving said Thomas boundary with a new division line the following calls,
North 02 Degrees 03 Minutes 41 Seconds West a distance of 70.88 feet,
North 21 Degrees 59 Minutes 56 Seconds East a distance of 67.81 feet,
North 41 Degrees 16 Minutes 47 Seconds East a distance of 92.91 feet,
North 43 Degrees 41 Minutes 34 Seconds East a distance of 121.29 feet,
North 20 Degrees 02 Minutes 13 Seconds East a distance of 83.59 feet,
North 09 Degrees 38 Minutes 47 Seconds East a distance of 228.50 feet,
North 17 Degrees 21 Minutes 31 Seconds East a distance of 95.30 feet,
North 35 Degrees 42 Minutes 50 Seconds East a distance of 155.26 feet and
North 17 Degrees 41 Minutes 32 Seconds East a distance of 106.83 feet to the Southwesterly corner of Phase One, Section One Bent Creek P.U.D. as of record in Plat Book 39, Page 145,
Thence with the Southerly boundary of said Phase One Section One the following calls,
South 82 Degrees 59 Minutes 02 Seconds East a distance of 128.72 feet,
South 86 Degrees 39 Minutes 46 Seconds East a distance of 62.11 feet,
South 77 Degrees 14 Minutes 14 Seconds East a distance of 7.88 feet,
South 77 Degrees 38 Minutes 57 Seconds East a distance of 124.79 feet,
North 32 Degrees 13 Minutes 17 Seconds East a distance of 56.50 feet,
South 85 Degrees 41 Minutes 43 Seconds East a distance of 87.84 feet,
South 65 Degrees 32 Minutes 16 Seconds East a distance of 49.43 feet and
South 65 Degrees 32 Minutes 16 Seconds East a distance of 29.53 feet to the centerline of Clovercroft Road,
Thence with said centerline and a curve to the left having a radius of 1469.59 feet an arc length of 296.60 feet and a chord bearing and distance of South 18 Degrees 38 Minutes 31 Seconds West 296.10 feet,



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 51 of 139 PageID #: 1280

Thence continuing with said centerline South 12 Degrees 45 Minutes 36 Seconds West a distance of 955.94 feet to the Point of Beginning and containing 14.53 acres more or less, according to the survey of Stantec Consulting Services, Inc., 100 Westwood Place, Suite 440, Brentwood, Tennessee 37027, Randall A. Mercier RLS, Tennessee License Number 1974.

Being the same property conveyed by Nolensville Residential, Inc. to CK Development, LLC, by Warranty Deed of record in Book 3833, page 187, Register's Office for Williamson County, Tennessee.

**THIRD TRACTS**

Land lying in the Seventeenth Civil District, Town of Nolensville, Williamson County, Tennessee, being more particularly described as follows:

Beginning at the Northeasterly corner of the Ralph and Barbara Jenkins property as of record in Deed Book 1200, page 812, Register's Office of Williamson County and also being a Southerly corner of the Nolensville Residential, Inc. property as of record in Deed Book 1357, page 176, having Tennessee State Plane, NAD 83 coordinates of North 587972.62 East 1765603.48;

Thence with the Westerly border of Bent Creek P.U.D. Phase Five a portion of tax map 59, parcel 25, also being the Easterly border of Future Development Bent Creek P.U.D. the following calls:
North 04°51'41" East a distance of 256.63 feet,
North 85°08'19" West a distance of 112.06 feet,
North 32°10'36" East a distance of 170.00 feet,
North 57°49'20" West a distance of 20.00 feet,
North 32°10'37" East a distance of 647.63 feet,

Thence leaving said Future Development Bent Creek P.U.D. continuing along the Easterly Bent Creek P.U.D. Phase Five boundary the following calls:
South 65°32'17" East a distance of 207.36 feet,
North 24°27'43" East a distance of 422.35 feet,
North 52°12'51" East a distance of 237.13 feet to the Southwesterly border of Phase One, Section 3B, Bent Creek P.U.D. as of record in Plat Book 41, page 62,

Thence with the Southwesterly border of said Phase One, Section 3B, the following calls:
South 37°47'09" East a distance of 100.00 feet,
South 52°02'51" West a distance of 3.91 feet,
South 37°47'09" East a distance of 50.00 feet to the Northwesterly border of Phase Two, Section One, Bent Creek P.U.D. as of record in Plat Book 44, page 56,

Thence with the Northwesterly border of said Phase Two, Section One, the following calls:



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 52 of 139 PageID #: 1281

South 52°12'51" West a distance of 126.09 feet,
South 37°47'09" East a distance of 122.00 feet,
South 00°04'43" West a distance of 40.33 feet,
South 65°32'17" East a distance of 136.63 feet,
South 64°26'25" East a distance of 209.98 feet,
South 60°51'48" East a distance of 146.18 feet to the Northwesterly corner of Phase Two, Section Two, Bent Creek P.U.D. as of record in Plat Book 44, page 122,

Thence with the Northwesterly border of said Phase Two, Section Two, the following call:
South 20°51'24" West a distance of 155.92 feet,

Thence with a curve to the left having a radius 125.71 feet an arc length of 92.31 feet and a chord bearing and distance of North 71°00'51" West 90.25 feet,

Thence continuing with said boundary of Phase Two, Section Two, South 01°01'21" East 200.00 feet to the Northerly border of Future Development Bent Creek P.U.D.,

Thence with the Northerly border of said Future Development Bent Creek P.U.D. the following calls:
North 82°50'26" West a distance of 92.50 feet,
North 66°28'37" West a distance of 92.50 feet,
North 52°59'44" West a distance of 75.65 feet,
North 51°00'20" West a distance of 140.00 feet,
North 69°00'49" West a distance of 95.45 feet,
North 83°26'50" West a distance of 130.00 feet,
North 60°37'27" West a distance of 96.56 feet,
South 33°12'29" West a distance of 65.76 feet,
South 24°27'43" West a distance of 130.00 feet,
South 23°31'28" West a distance of 62.83 feet,
South 05°27'43" West a distance of 66.55 feet,
South 16°48'26" East a distance of 65.15 feet,
South 20°45'29" East a distance of 325.00 feet,
South 69°14'31" West a distance of 170.00 feet,
South 20°45'29" East a distance of 25.36 feet,
South 69°14'31" West a distance of 80.44 feet,
South 45°49'52" West a distance of 83.17 feet,
South 45°21'50" West a distance of 109.83 feet,
South 11°59'39" East a distance of 77.57 feet,
South 01°13'39" West a distance of 37.19 feet,
South 01°20'51" West a distance of 45.98 feet,
South 00°54'55" West a distance of 17.66 feet,
South 15°20'32" East a distance of 61.00 feet,
South 24°16'12" East a distance of 61.75 feet,
South 32°23'10" East a distance of 42.22 feet,
South 49°57'00" West a distance of 290.41 feet,

North 34°04'44" West a distance of 82.28 feet,
North 26°27'46" West a distance of 86.41 feet,
North 85°08'19" West a distance of 237.21 feet to the Easterly border of Ralph and Barbara Jenkins property as of record in Plat Book 1200, page 812,

Thence with the Easterly border of said Ralph and Barbara Jenkins property North 04°51'41" East a distance of 504.36 feet to the Point of Beginning and containing 27.44 acres more or less.

Being the same property conveyed by Nolensville Residential, Inc. to CK Development, L.L.C. by Warranty Deed of record in Book 4003, page 742, Register's Office for Williamson County, Tennessee.

**FOURTH TRACTS**

Land in the 17th Civil District of Williamson County, Tennessee, being generally located south of Rocky Fork Road and West of Nolensville Road (U.S. Highway 31A-41A) and being more particularly described as follows:

Beginning, at an existing iron pin at the southeasterly corner of The Reserve at Bent Creek, Section 1, as of record in Plat Book 44, Page 138, R.O.W.C.;

Thence, with the easterly line of said Reserve At Bent Creek, N 42°04'07" E, a distance of 543.00' to a set iron pin;

Thence, leaving said easterly line of The Reserve At Bent Creek, Section 1, with a severance line through said CK Development, LLC, S 57°49'23" E a distance of 198.53' to an existing iron pin at the northwesterly corner of Bent Creek Phase 5, Section 1, as of record in Plat Book P46, Page 57, R.O.W.C.;

Thence, with said Bent Creek Phase 5, Section 1, the following calls:
S 32°10'37" W a distance of 647.63' to a set iron pin;
S 57°49'23" E a distance of 20.00' to a set iron pin at the northwesterly corner of CK Development, LLC, as of record in Deed Book 4003, Page 742;

Thence, with said CK Development the following calls:
S 32°10'37" W a distance of 170.00' to a set iron pin;
Thence S 85°08'19" E a distance of 112.06' to a set iron pin;
Thence S 04°51'41" W a distance of 256.63' to a set iron pin at the northeasterly corner of Jenkins Ralph W etux Barbara E, as of record in Deed Book 4194, Page 574, R.O.W.C.;

Thence, with the northerly line of said Ralph W. Jenkins the following calls:
N 83°41'45" W a distance of 439.69' to a set iron pin;
N 80°56'18" W a distance of 260.20' to a set iron pin;

Thence, leaving said northerly line with a severance line through said CK Development, LLC, the following calls:
N 09°03'42" E a distance of 73.36' to a set iron pin;
N 17°45'34" E a distance of 122.00' to a set iron pin;
with a curve turning to the right with an arc length of 8.80', a radius of 175.00', a chord bearing of S 70°47'59" E, and a chord length of 8.80',
N 20°38'28" E A distance of 50.00' to a set iron pin;
with a curve turning to the left with an arc length of 112.70', a radius of 225.09', a chord bearing of N 83°42'31" W, and a chord length of 111.53',
S 81°56'52" W a distance of 210.70' to a set iron pin;
N 08°03'08" W a distance of 120.00' to a set iron pin;
N 21°15'44" E a distance of 105.69' to a set iron pin;
N 33°47'23" E a distance of 110.88' to a set iron pin;
N 38°49'50" E a distance of 50.67' to a set iron pin;
S 73°57'23" E a distance of 65.17' to a set iron pin;
N 46°12'20" E a distance of 119.68' to a set iron pin;
N 46°12'20" E a distance of 50.07' to a set iron pin;
N 46°12'20" E a distance of 120.25' to a set iron pin;
N 28°04'50" E a distance of 16.32' to an existing iron pin in the southwesterly corner of said Reserve At Bent Creek;

Thence, with the southerly line of said Reserve at Bent Creek S 62°10'57" E a distance of 385.00' to an existing iron pin, which is the point of beginning.

Having an area of 665,353 square feet or 15.27 acres more or less, according to the survey of Duclos Survey & Design, Inc., 7271 Nolensville Road, Nolensville, TN 37135, Kirk S. Duclos, R.L.S. Tennessee License Number 1936.

Being the same property conveyed by Nolensville Residential, Inc. to CK Development, L.L.C. by Warranty Deed of record in Book 4469, page 331, Register's Office for Williamson County, Tennessee.

**PLAT DESCRIPTIONS**

The following property is also subjected to the terms and conditions of the Declaration. The property described as follows includes some or all of the above described property and also includes property previously subjected to the provisions of the Declaration:

Land in Williamson County, Tennessee being all the properties shown on the Plat of Bent Creek, Section Two, Phase One of record in Plat Book 43, page 88, Register's Office for Williamson County, Tennessee, to which plan reference is hereby made for a more particularly description.

Land in Williamson County, Tennessee being all the properties shown on the Plat of Bent Creek, Section Two, Phase Two of record in Plat Book 44, page 122, Register's Office for Williamson County, Tennessee, to which plan reference is hereby made for a more particularly description.

Land in Williamson County, Tennessee being all the properties shown on the Plat of Bent Creek, Section Two, Phase Three of record in Plat Book 45, page 66, Register's Office for Williamson County, Tennessee, to which plan reference is hereby made for a more particularly description.

Land in Williamson County, Tennessee being all the properties shown on the Plat of Bent Creek, Section Two, Phase Four of record in Plat Book 43, page 89, Register's Office for Williamson County, Tennessee, to which plan reference is hereby made for a more particularly description.

Land in Williamson County, Tennessee being all the properties shown on the Plat of Bent Creek, Section Two, Phase Five of record in Plat Book 43, page 90, Register's Office for Williamson County, Tennessee, to which plan reference is hereby made for a more particularly description.

Pick Up

BK: 5091 PG: 753-755
10022245

| 3 PGS : AL - RESTRICTIONS | |
|---|---|
| JESSICA BATCH: 182410 | 07/08/2010 - 03:14 PM |
| BATCH | 182410 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

Prepared By:
Wesley D. Turner
Gullett, Sanford, Robinson & Martin, PLLC
315 Deaderick Street, Suite 1100
P. O. Box 198888
Nashville, TN 37219-8888

**THIRD SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 7th day of July, 2010 by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee, as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318, Register's Office for Williamson County, Tennessee and Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which shall be platted as Section 1, Phase 7, Bent Creek P.U.D.

By virtue of this instrument, the property described in the attached Exhibit A is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**DEVELOPER:**

**CK DEVELOPMENT, L.LC.**
a Tennessee limited liability company

By: ______________________________
William M. Kottas, Jr., Secretary/Treasurer

408039.1/20041385

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, **WILLIAM M. KOTTAS, JR.,** with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he executed the within instrument for the purposes therein contained, and who further acknowledged that he is **SECRETARY/TREASURER** of the maker or a constituent of the maker and is authorized by the maker or by its constituent, the constituent being authorized by the maker, to execute this instrument on behalf of the maker.

Witness my hand, at office, this 7th day of July 2010.

Cathie L. Welch
Notary Public

CATHIE L. WELCH STATE OF TENNESSEE NOTARY PUBLIC WILLIAMSON COUNTY, TN

My Commission Expires: 11/7/12

408039.1/20041385

# EXHIBIT A

## Property Description

Bent Creek Section 1, Phase 7

Being land in the 17th Civil District of Williamson County, Nolensville Tennessee, and being a Portion of the land conveyed to Nolensville Residential, Inc. as of record in Deed Book 3331, Page 585, Register's Office for Williamson County, Tennessee. Being generally located south of Bent Creek Trace and west of Bitticks Creek Trace and being more particularly described as follows:

Beginning at a concrete monument on the south right-of-way of Bent Creek Trace as shown on the plat of record in Plat Book P45, Page 66b, Register's Office for Williamson County, Tennessee;

Thence, leaving said south right-of-way of Bent Creek Trace with the westerly line of Open Space "C" as shown on the plat of record in Plat Book P45, Page 66b, Register's Office for Williamson County, Tennessee, the following calls: S 59°31'01" E a distance of 70.00'; N 70°44'30" E a distance of 110.28'; S 69°33'16" E a distance of 101.89'; S 37°28'26" E a distance of 58.69'; S 59°31'01" E a distance of 620.00'; Thence, with a severance line through said Nolensville Residential, Inc., the following calls: S 66°04'19" E a distance of 112.79'; S 11°54'13" E a distance of 122.12'; S 19°20'07" W a distance of 97.55'; S 21°06'58" W a distance of 133.75'; N 59°31'01" W a distance of 133.36'; N 76°03'42" W a distance of 50.01'; N 13°56'18" E a distance of 30.50'; North 59 deg. 31 min. 01 sec. West a distance of 477.01 feet; N 59°31'02" W a distance of 122.00'; S 30°28'59" W a distance of 61.00'; N 59°31'01" W a distance of 126.19'; with a curve turning to the left with an arc length of 46.51', with a radius of 75.00', with a chord bearing of S 04°16'55" W , with a chord length of 45.77', S 76°30'53" W a distance of 68.47'; N 59°31'01" W a distance of 27.74'; S 30°28'59" W a distance of 140.39'; N 19°58'54" W a distance of 163.37'; N 53°42'19" W a distance of 52.64'; with a curve turning to the right with an arc length of 15.69', with a radius of 195.00', with a chord bearing of N 28°10'41" E , with a chord length of 15.69', N 30°28'59" E a distance of 375.11'; which is the point of beginning, having an area of 377,106 square feet or 8.66 acres, more or less.

Being of the same property conveyed by Nolensville Residential, Inc. to CK Development, L.L.C. by Deed of record in Book 5018, page 213, Register's Office for Williamson County, Tennessee, as amended by Instrument of Correction of record in Book P53, page 59, Register's Office for Williamson County, Tennessee.

Pick Up

Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# FOURTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 27th day of January 2012, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; and Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which is platted as Phase 8, Section 1 and Phase 9, Section 1, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**DEVELOPER:**

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr., Managing Member

BK: 5497 PG: 485-487
12003462

| | |
|---|---|
| 3 PGS : AL - RESTRICTIONS | |
| BETH BATCH: 242008 | 01/27/2012 - 11:50 AM |
| BATCH | 242008 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE

STATE OF TENNESSEE )

COUNTY OF WILLIAMSON )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Managing Member of CK Development, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the limited liability company by himself as member.

WITNESS my hand and official seal on this 27th day of January 2012.

Cathie L. Welch

NOTARY PUBLIC

My Commission expires: 11/7/2012

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the final Subdivision Plat of Bent Creek Subdivision, Phase 8, Section 1, of record in Book 55, page 46, Register's Office for Williamson County, Tennessee, and the Final Subdivision Plat of Bent Creek Subdivision, Phase 9, Section 1, of record in Book 55, page 47, Register's Office for Williamson County, Tennessee.

BEING a portion of the property conveyed to CK Development, L.L.C. by deed of record in Book 5383, page 977, Register's Office for Williamson County, Tennessee.

Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

**FIFTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 16th day of April 2012, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Súpplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; and Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which is platted as Phase 4, Section 1A, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**DEVELOPER:**

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: ______________________
William M. Kottas, Jr., Managing Member

STATE OF TENNESSEE )

COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Managing Member of CK Development, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the limited liability company by himself as member.

WITNESS my hand and official seal on this 16th day of April 2012.

NOTARY PUBLIC
My Commission expires:______________

MARK E. MORRISON
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY, TENN.
My Commission Expires SEPT. 8, 2013

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 4, Section 1A, of record in Book 55, page 96, Register's Office for Williamson County, Tennessee.

BEING a portion of the property conveyed to CK Development, L.L.C. by deed of record in Book 5383, page 977, Register's Office for Williamson County, Tennessee.

BK: 5559 PG: 652-654

12014754

3 PGS : AL - RESTRICTIONS

KELLY BATCH: 250833 04/17/2012 - 08:45 AM

| | |
|---|---|
| BATCH | 250833 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Prepared By:
Mark E. Morrison MAIL
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

**SIXTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 6th day of August 2012, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; and Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, Page 652, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which is platted as Phase 4, Section 1A, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**DEVELOPER:**

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr., Managing Member

BK: 5658 PG: 968-970
12033275

| | |
|---|---|
| 3 PGS : AL - RESTRICTIONS | |
| BETH BATCH: 263859 | 08/08/2012 - 08:54 AM |
| BATCH | 263859 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

STATE OF TENNESSEE )

COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Managing Member of CK Development, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the limited liability company by himself as member.

WITNESS my hand and official seal on this 6 day of August 2012.

Patricia A. Ray

NOTARY PUBLIC

My Commission expires: July 6, 2015

PATRICIA A. RAY STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY, TENN.

My Commission Expires JULY 6, 2015

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 6, Section 2A, of record in Book P56, page 25, Register's Office for Williamson County, Tennessee.

BEING property conveyed to CK Development, L.L.C. by deed of record in Book 5510, page 694, Register's Office for Williamson County, Tennessee.

Pennone



Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# SEVENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 26th day of September 2012, by **BENT CREEK RESERVE, LLC**, a Tennessee limited liability company (the "Assignee"), under the terms and conditions of that Partial Assignment of Developer's Rights under the Declaration of Covenants, Conditions and Restrictions for Bent Creek Subdivision dated April 25, 2012, of record in Book 5708, page 596, Register's Office for Williamson County, Tennessee (the "Assignment"), assigning to Bent Creek Reserve, LLC, certain special rights of Declarant under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, Page 652; and Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, Page 968, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration and the Assignment, Bent Creek Reserve, LLC hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which is platted as Phase 4, Section 1B, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**BENT CREEK RESERVE, LLC**
a Tennessee limited liability company

By: [signature]

Title: Member

STATE OF TENNESSEE )

COUNTY OF WILLIAMSON )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Glenn S. McGehee, Jr, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Member of Bent Creek Reserve, LLC, a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the limited liability company by himself as member.

WITNESS my hand and official seal on this 26th day of September 2012.

E Prophet

NOTARY PUBLIC
My Commission expires: 11-3-2015

EMILY H. PROPHET STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 4 Section 1B, of record in Book P56, page 64, Register's Office for Williamson County, Tennessee.

BEING property conveyed to Bent Creek Reserve, LLC by Special Warranty Deed of record in Book 5573, page 350, Register's Office for Williamson County, Tennessee.

BK: 5708 PG: 599-601

12042212

3 PGS : AL - RESTRICTIONS

| JENNY BATCH: 270474 | 10/01/2012 - 09:27 AM |
|---|---|
| BATCH | 270474 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# EIGHTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 26th day of April, 2013, by **GOODALL INC. BUILDERS**, a Tennessee corporation (the "Assignee"), under the terms and conditions of that Partial Assignment of Developer's Rights under the Declaration of Covenants, Conditions and Restrictions for Bent Creek Subdivision dated April 26, 2013, of record in Book 5907, page 174, Register's Office for Williamson County, Tennessee (the "Assignment"), assigning to Bent Creek Reserve, LLC, certain special rights of Declarant under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, Page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, Page 968; and Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in 5708, Page 599, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration and the Assignment, Goodall Inc. Builders hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which is proposed Phase 10, Sections 1 and 2, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of Page intentionally left blank.)*

BK: 5907 PG: 179-182
13020124

| | |
|---|---|
| 4 PGS : AL - RESTRICTIONS | |
| JENNIFER BATCH: 298383 05/02/2013 - 08:31 AM | |
| BATCH | 298383 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 20.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 22.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**GOODALL INC. BUILDERS**
a Tennessee corporation

By: ________________________
Robert H. Goodall, Jr.
Title: President

STATE OF TENNESSEE )
COUNTY OF ~~Sumner~~ DAVIDSON )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Robert H. Goodall, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be president of GOODALL INC. BUILDERS, a Tennessee corporation, the within named bargainor, and that he/she as such president executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by him/herself as president.

WITNESS my hand and official seal on this 24 day of April, 2013.

________________________
NOTARY PUBLIC
My Commission expires: ____________

RAY B. HOUSCH
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY
My Commission Expires July 8, 2013

# EXHIBIT A

A certain real property lying and being situated in the County of Williamson, State of Tennessee, as described as follows:

Land lying in the 17th Civil District of the City of Nolensville, Williamson County, Tennessee. Commencing at the intersection of Yukon Place and Maxwell Landing Drive thence, in a southwesterly direction 142.3 foot +/- to an iron rod found by TN RLS # 1936 on the westerly margin of Yukon Place being the Point of Beginning and being the southeast corner of lot number 9113 on the Final Plat, Bent Creek Subdivision, Phase 9, section 1, in Plat Book 55, Page 47, Register's Office for Williamson County, Tennessee:
Thence, S 59°23'45" E, a distance of 114.92 feet to an iron rod by TN RLS # 1936 at the corner of lot 9114 in phase 9, section 1 and lot 8101 in the Final Plat, Bent Creek Subdivision, Phase 8, section 1, in Plat Book 55, Page 46, Register's Office for Williamson County, Tennessee,;
Thence, leaving said lot with the open space of phase 8 , section 1 for the next four calls, S 30°18'23" W, a distance of 24.76 feet to a point;
Thence, S 59°31'01" E, a distance of 127.26 feet to a point;
Thence, S 28°39'09" W, a distance of 175.65 feet to a point;
Thence, S 16°56'39" E, a distance of 250.23 feet to a point in the northerly line of Betty J. Vernon in Deed Book 235, Page 303, Register's Office for Williamson County, Tennessee,;
Thence, with Vernon's north line S 86°28'23" W, a distance of 38.21 feet to an iron rod found no cap at the northwest corner of said property and Future Phase of Bent Creek property in Deed Book 3331, Page 585, Register's Office for Williamson County, Tennessee,;
Thence, with the Future Phase of Bent Creek property for the next nine calls, S 74°39'01" W, a distance of 27.97 feet to an point;
Thence, N 14°42'42" W, a distance of 322.49 feet to a point;
Thence, S 75°17'18" W, a distance of 60.00 feet to a point;
Thence, S 14°42'42" E, a distance of 128.47 feet to a point;
Thence, N 83°32'36" W, a distance of 114.49 feet to a point;
Thence, S 25°09'06" W, a distance of 69.34 feet to a point;
Thence, S 39°03'56" W, a distance of 134.12 feet to a point;
Thence, S 15°14'09" W, a distance of 47.05 feet to a point;
Thence, N 74°20'04" W, a distance of 39.84 feet to an iron pipe found at the northeast corner of J.R. & Pattie Vernon in Deed Book 235, Page 297, Register's Office for Williamson County, Tennessee,;
Thence, with Vernon north line S 86°15'00" W, a distance of 331.27 to a point;
Thence, S 77°08'57" W, passing the northeast corner of tract 7 of Don R. & Karen R. Hoffmeister in Deed Book 570, Page 354, Register's Office for Williamson County, at 84 feet +/- going a total distance of 200.80 feet to a point;
Thence, with said line S 74°14'58" W, passing the northeast corner of tract 6 of Don R. & Karen R. Hoffmeister in Deed Book 570, Page 354, Register's Office for Williamson County, at 90 feet +/- going a total a distance of 280.69 to a point in on the Future Phase of Bent Creek property in Deed Book 3331, Page 585, Register's Office for Williamson County, Tennessee,;
Thence, with the Future Phase for the next six calls, N 32°08'25" W, a distance of 83.30 feet to a point;
Thence, N 11°19'14" E, a distance of 119.37 feet to a point to the southerly margin of a road in a Future Phase;
Thence, with the margin of Future Road with a curve to the right with a Radius of 475.00', Delta angle of 03°16'52", Tangent of 13.60', with a Chord bearing of N 76°40'37" w, a chord distance of 27.20 feet to a point;
Thence, N 75°02'12" W, a distance of 39.00 feet to a point;
Thence, N 14°57'48" E, a distance of 170.00 feet to a point;
Thence, N 75°02'12" W, a distance of 61.00 feet to a point to the easterly margin of Falling Water Road in Future Phase 6;
Thence, with the margin of said future road N 14°57'48" E, a distance of 39.00 feet to a point in the Future lots in Phase 6;
Thence, with the Future Phase for the next eight calls, S 75°02'12" E, a distance of 159.63 feet to a point;
Thence, N 06°14'43" W, a distance of 65.43 feet to a point;
Thence, N 08°21'55" E, a distance of 71.11 feet to a point;

Thence, N 21°13'41" E, a distance of 51.67 feet to a point;
Thence, N 28°20'57" E, a distance of 59.33 feet to a point;
Thence, N 44°51'37" E, a distance of 71.53 feet to a point;
Thence, N 44°51'37" E, a distance of 92.85 feet to a point;
Thence, N 44°51'56" E, a distance of 18.62 feet to an iron rod found by PGW in the southeast corner of lot 2332 in the Final Plat, Bent Creek Subdivision, Phase 2, section 3, in Plat Book 55, Page 46, Register's Office for Williamson County, Tennessee,;
Thence, with the open space in, Phase 2, section 3 for the next four calls S 66°20'37" E, a distance of 83.93 feet to a point;
Thence, N 86°14'29" E a distance of 122.00 feet to a point;
Thence, N 86°14'29" E a distance of 244.00 feet to a point;
Thence, S 03°45'36" E a distance of 119.07 feet to a point in the westerly margin of a Future road;
Thence, with the margin of Future Road with a curve to the left with a Radius of 99.98', Delta angle of 47°57'23", Tangent of 44.47', with a Chord bearing of N 54°27'28" E, a chord distance of 81.26 feet to a point;
Thence, N 30°28'59 E a distance of 34.85 feet to a point at a radius return;
Thence, with the margin of Future Road with a curve to the left with a Radius of 25.00', Delta angle of 90°00'00", Tangent of 25.00', with a Chord bearing of N 14°31'01" E, a chord distance of 35.36 feet to a point in southerly margin of Future Bent Creek Trace;
Thence, with the margin of Future Bent Creek Trace N 59°31'01" W a distance of 145.99 feet to a point;
Thence, with a curve to the right with a Radius of 255.00', Delta angle of 85°23'23", Tangent of 235.26', with a Chord bearing of N 16°49'19" W, a chord distance of 345.83 feet to a point in westerly margin of Bent Creek Trace;
Thence, crossing Bent Creek Trace S 64°07'38" E a distance of 60.00 feet to a point in the easterly margin of Bent Creek Trace and being the southwest corner of open space for the Final Plat, Bent Creek Subdivision, Phase 7, section 1, in Plat Book 53, Page 59, Register's Office for Williamson County, Tennessee,;
Thence, with Phase 7, section 1, S 53°42'19" E, a distance of 52.64 feet to a point at the southwest corner of lot 7116;
Thence, with Phase 7, section 1, S 19°58'54" E, a distance of 163.37 feet to a point at the southeast corner of lot 7115 and lot 9107 in, Phase 9, section 1,;
Thence, with the southerly line of, Phase 9, section 1, S 59°31'01" E, a distance of 472.00 feet to point of beginning and containing 726,886.354 square feet or 16.687 acres of land.

Being a part of the property conveyed to Nolensville Residential, Inc. in Deed Book 3331, Page 585, Register's Office for Williamson County, Tennessee.

Being the same property conveyed to Goodall Inc. Builders, by Warranty Deed recorded in Book 5907, page 146, Register's Office for Williamson County, Tennessee.

Pick Up

This document prepared by:
Wesley D. Turner
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue, South, Suite 1700
Nashville, Tennessee 37201

# NINTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK ANNEXING THE TOWNHOMES OF BENT CREEK FOR LIMITED PURPOSES

This Instrument (the "Amendment") is made and entered into as of this 14th day of June, 2013 by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company ("Declarant").

**WITNESSETH:**

**WHEREAS**, Declarant has previously submitted certain property to the Declaration of Covenants, Conditions and Restrictions for Bent Creek recorded in Book 3422, Page 804, Register's Office for Williamson County, Tennessee, as amended and supplemented as more particularly set forth in instruments of record described in the Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179, Register's Office for Williamson County, Tennessee (the "Declaration"); and

**WHEREAS,** pursuant to Article II of the Declaration, Declarant may subject to the provisions of the Declaration additional real property by recording an amendment for that purpose, and such annexation amendment may contain such modifications to the covenants and restrictions as may be necessary to reflect a different character of the real property to be annexed;

**WHEREAS,** Declarant desires to annex the additional real property to be developed as the Townhomes of Bent Creek into the Declaration for the limited purpose of allowing owners and residents of dwelling units located within the annexed property to have access to the Bent Creek pool and related facilities, and payment by the owners of lots within such annexed property of their pro rata share of pool-related expenses incurred by Bent Creek Homeowners Association (the "Bent Creek HOA") and subject to the provisions of the Declaration and Bent Creek rules and regulations relating to use of the pool and related facilities.

**NOW, THEREFORE,** for and in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Declarant being empowered so to do hereby amends the Declaration as follows:

1. Amendment. The Declaration is amended to annex the additional real property to be developed as the Townhomes of Bent Creek, which is more particularly described in Exhibit A attached hereto and incorporated herein by this reference. Such annexed property is deemed submitted to the terms and conditions of the Declaration, but only for the limited purpose of allowing the owners of dwelling units located on the annexed property, their family members, tenants and invited guests, to have access to the Bent Creek pool and related facilities (the "Pool and Facilities"). In exchange for such access, and as expressly provided in the Declaration of Covenants, Conditions and Restrictions for the Townhomes of Bent Creek recorded (or to be recorded) with the Williamson County, Tennessee Register of Deeds, each owner of a dwelling

524971.2/2012151

unit within the property annexed hereby shall be obligated to pay annual assessments directly to Bent Creek HOA to cover each such owner's pro rata share of expenses incurred by Bent Creek HOA for the operation, insurance, upkeep, maintenance, repair and replacement of the Pool and Facilities. Bent Creek HOA shall be entitled to collect any delinquent Pool and Facility assessments from said owners in the same manner permitted for collection of unpaid assessments under the Declaration. Said owners, their family members, tenants and invited guests shall be subject to all Bent Creek HOA restrictive covenants, rules and regulations (as they may be amended from time to time) to which Bent Creek HOA members are subject and which relate to use of the Pool and Facilities, including penalties and remedies available to Bent Creek HOA for violations of said pool-related covenants, rules and regulations. The owners of dwelling units within the property annexed hereby, and other occupants of said annexed property shall not be generally subject to the terms and conditions of the Declaration or other Bent Creek HOA governing documents and shall not be obligated to pay Bent Creek HOA assessments or charges (or any portion thereof), except and to the limited extent expressly provided in this Amendment.

2. Ratification. In all other respects, the Declaration is ratified and confirmed.

**IN WITNESS WHEREOF**, this instrument has been executed as of the day and date first above written.

**DECLARANT:**

**CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr., Chief Manager

STATE OF TENNESSEE )
COUNTY OF Williamson )

Personally appeared before me, the undersigned, a Notary Public, **WILLIAM M. KOTTAS, JR.**, with whom I am personally acquainted, and who acknowledged that he executed the foregoing instrument for the purposes therein contained and who further acknowledged that he is **CHIEF MANAGER** of **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, and is authorized to execute this instrument on behalf of **CK DEVELOPMENT, L.L.C.**

WITNESS my hand, at office this 14th day of June, 2013.

[signature]
Notary Public
My Commission Expires: 10/17/16

CATHIE L. WELCH
STATE OF TENNESSEE NOTARY PUBLIC
WILLIAMSON COUNTY, TENN.

524971.2/2012151

**EXHIBIT A**

Land in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek Townhomes, of record in Plat Book P57, page 120, Register's Office for Williamson County, Tennessee.

Being part of the property conveyed to CK Development, LLC, by Deed of record in Book 5810, page 360, as amended in Book 5906, page 745, Register's Office for Williamson County, Tennessee.

BK: 5949 PG: 821-823
13027662

| | |
|---|---|
| 3 PGS : AL - RESTRICTIONS | |
| JESSICA BATCH: 303712 06/14/2013 - 03:23 PM | |
| BATCH | 303712 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

524971.2/2012151

Pick Up

Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# TENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK ANNEXING THE TOWNHOMES OF BENT CREEK FOR LIMITED PURPOSES

THIS INSTRUMENT is made this 14th day of June, 2013, by CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in 5907, page 179; and the Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Townhomes of Bent Creek for Limited Purposes of record in Book 5949 page 821, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration and the Assignment, CK Development, LLC hereby amends the Declaration to Annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which are platted as Phase 6, Section 1A, and Phase 6, Section 1B, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

IN WITNESS WHEREOF, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, LLC**
a Tennessee limited liability company

By: _______________
William M. Kottas, Jr., Chief Manager

STATE OF TENNESSEE )

COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared WILLIAM M. KOTTAS, JR., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Chief Manager of CK DEVELOPMENT, LLC, a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the limited liability company by himself as member.

WITNESS my hand and official seal on this 14 day of June, 2013.

_______________
NOTARY PUBLIC
My Commission expires: 10/17/16

CATHIE L. WELCH
STATE OF TENNESSEE NOTARY PUBLIC
WILLIAMSON COUNTY, TENN.

# EXHIBIT A

Tract 1:

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 6, Section 1A, of record in Book P57, page 121, Register's Office for Williamson County, Tennessee.

Tract 2:

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 6, Section 1B, of record in Book P57, page 122, Register's Office for Williamson County, Tennessee.

BEING property conveyed to CK Development, LLC by Deed of record in Book 5923, page 128, Register's Office for Williamson County, Tennessee.

BK: 5949 PG: 824-826

13027663

| | |
|---|---|
| 3 PGS : AL - RESTRICTIONS | |
| JESSICA BATCH: 303712 06/14/2013 - 03:23 PM | |
| BATCH | 303712 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# ELEVENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 4th day of September, 2013, by **C.K. DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; and Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, Page 824, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit A, which is incorporated by reference herein and which is platted as Phase 6, Section 2B, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of Page intentionally left blank.)*

BK: 6027 PG: 423-425
13042088

| | |
|---|---|
| 3 PGS : AL - RESTRICTIONS | |
| TRACY BATCH: 315032 | 09/04/2013 - 03:34 PM |
| BATCH | 315032 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr.

STATE OF TENNESSEE )
COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Managing member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he/she as such Managing member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as Managing member

WITNESS my hand and official seal on this 4 day of September, 2013.

[signature]
NOTARY PUBLIC
My Commission expires

MARK E. MORRISON STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY, TENN

My Commission Expires SEPT. 8, 2013

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 6 Section 2B, of record in Book P58, page 49, Register's Office for Williamson County, Tennessee.

BEING a portion of the property conveyed to CK Development, L.L.C. by deed of record in Book 5923, page 128, Register's Office for Williamson County, Tennessee.

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

MAIL

# TWELFTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 11 day of February, 2014, by **C.K. DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, Page 824; and Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 4, Section 1C, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of Page intentionally left blank.)*

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr.

STATE OF TENNESSEE )
COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he/she as such Member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as Member.

WITNESS my hand and official seal on this 11 day of February, 2014.

PATRICIA A. RAY STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY, TENN.
My Commission Expires JULY 6, 2015

[signature: Patricia A. Ray]
NOTARY PUBLIC
My Commission expires: July 6, 2015



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 86 of 139 PageID #: 1315

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Bent Creek Phase 4, Section 1C Final Plat, of record in Book P59, page 21, Register's Office for Williamson County, Tennessee.

BEING a portion of the property conveyed to CK Development, L.L.C. by deed of record in Book 5383, page 977, Register's Office for Williamson County, Tennessee.

BK: 6128 PG: 370-372

14005412

3 PGS : AL - RESTRICTIONS

JESSICA BATCH: 331157 02/13/2014 - 12:18 PM

| | |
|---|---|
| BATCH | 331157 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

mail:

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# THIRTEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 28th day of April, 2014, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, Page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; and Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 15, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of Page intentionally left blank.)*

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr.

STATE OF TENNESSEE )
COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he/she as such Member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as Member.

WITNESS my hand and official seal on this 28 day of April, 2014.

PATRICIA A. RAY
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY, TENN.
My Commission Expires JULY 6, 2015

Patricia A. Ray
NOTARY PUBLIC
My Commission expires: July 6, 2015

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 15, Section 1, of record in Book P59, page 91, Register's Office for Williamson County, Tennessee.

BEING a portion of the property conveyed to CK Development, L.L.C. by deed of record in Book 6162, page 365, Register's Office for Williamson County, Tennessee.

BK: 6172 PG: 831-833
14014661

3 PGS:AL-RESTRICTIONS

| | |
|---|---|
| 338693 | 04/29/2014 - 08:51 AM |
| BATCH | 338693 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

Mail This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# FOURTEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 23rd day of July, 2014, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, Page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; and Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 6, Section 2C, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of Page intentionally left blank.)*

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr.

STATE OF TENNESSEE )
COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be Member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the ~~corporation~~ limited liability company by himself as member.

WITNESS my hand and official seal on this 23rd day of July, 2014.

[signature]
NOTARY PUBLIC
My Commission expires: 9-11-2017

My Commission Expires ... 2017

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 6, Section 2C, of record in Book P60, page 24, Register's Office for Williamson County, Tennessee.

BEING the same property conveyed to CK Development, L.L.C. by deed of record in Book 6162, page 390, Register's Office for Williamson County, Tennessee.

**BK: 6236 PG: 600-602**

**14026822**

3 PGS:AL-RESTRICTIONS

348821

**07/24/2014 - 08:38 AM**

| | |
|---|---|
| BATCH | 348821 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

**STATE OF TENNESSEE, WILLIAMSON COUNTY**

**SADIE WADE**

REGISTER OF DEEDS

mail:
This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

**FIFTEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 11th day of December, 2014, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, Page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; and Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 11, Section 1, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of Page intentionally left blank.)*

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]
William M. Kottas, Jr.

STATE OF TENNESSEE )
COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared WILLIAM M. KOTTAS, JR., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 11th day of December, 2014.

MELISSA MELTON
STATE OF TENNESSEE NOTARY PUBLIC
COUNTY OF DAVIDSON

Melissa Melton
NOTARY PUBLIC
My Commission expires: 11/05/18

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 11, Section 1, of record in Book P61, page 3, Register's Office for Williamson County, Tennessee.

BEING the same property conveyed to CK Development, L.L.C. by deed of record in Book 6222, page 575, Register's Office for Williamson County, Tennessee.

BK: 6338 PG: 710-712
14046356
3 PGS:AL-RESTRICTIONS
365033
12/12/2014 - 08:45 AM

| | |
|---|---|
| BATCH | 365033 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

Pick Up

This document prepared by:
Wesley D. Turner
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue, South, Suite 1700
Nashville, Tennessee 37201

# SIXTEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK ANNEXING THE BENT CREEK ACTIVE ADULT COMMUNITY FOR LIMITED PURPOSES

This Instrument (the "Amendment") is made and entered into as of this 12 day of January, 2015, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company ("Declarant").

**WITNESSETH:**

**WHEREAS**, Declarant has previously submitted certain property to the Declaration of Covenants, Conditions and Restrictions for Bent Creek recorded in Book 3422, page 804, Register's Office for Williamson County, Tennessee, as amended and supplemented as more particularly set forth in instruments of record described in the Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6638, page 710, Register's Office for Williamson County, Tennessee (the "Declaration"); and

**WHEREAS**, pursuant to Article II of the Declaration, Declarant may subject to the provisions of the Declaration additional real property by recording an amendment for that purpose, and such annexation amendment may contain such modifications to the covenants and restrictions as may be necessary to reflect a different character of the real property to be annexed;

**WHEREAS**, Declarant desires to annex the additional real property to be developed as the Bent Creek Active Adult Community into the Declaration for the limited purpose of allowing owners and residents of dwelling units located within the annexed property to have access to the Bent Creek pool and related facilities, and payment by the owners of lots within such annexed property of their pro rata share of pool-related expenses incurred by Bent Creek Homeowners Association (the "Bent Creek HOA") and subject to the provisions of the Declaration and Bent Creek rules and regulations relating to use of the pool and related facilities.

**NOW, THEREFORE**, for and in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Declarant being empowered so to do hereby amends the Declaration as follows:

1. Amendment. The Declaration is amended to annex the additional real property to be developed as the Bent Creek Active Adult Cottages, which is more particularly shown on the Final Plat Bent Creek Active Adult, of record in Plat Book P61, page 16, Register's Office for Williamson County, Tennessee (the "BCAA Property"); being part of the same property conveyed to CK Development, L.L.C., a Tennessee limited liability company, by deed from Nolensville Northeast, Inc., a Tennessee corporation, of record in Book 6112, page 128, said Register's Office. Such BCAA property is deemed submitted to the terms and conditions of the Declaration, but only for the limited purpose of allowing the owners of dwelling units located on the BCAA Property,

as well as their family members, tenants and invited guests, a perpetual access easement to the Bent Creek pool and related facilities (the "Pool and Facilities"), as well as a perpetual easement over and across any other common areas and open spaces of Bent Creek as reasonably necessary to access the Pool and Facilities. In exchange for such access, each owner of a lot within the BCAA property annexed hereby shall be obligated to pay annual assessments directly to Bent Creek HOA only to cover each such owner's pro rata share of expenses incurred by Bent Creek HOA for the operation, insurance, upkeep, maintenance, repair and replacement of the Pool and Facilities; provided, however, that any person holding fee simple title to a lot within the BCAA Property for purposes of development and construction of a dwelling unit and other improvements thereon to be sold to a third-party purchaser shall not be required to pay any such assessments. Bent Creek HOA shall be entitled to collect any delinquent Pool and Facility assessments from said owners in the same manner permitted for collection of unpaid assessments under the Declaration. Said owners, their family members, tenants and invited guests shall be subject to the Bent Creek HOA restrictive covenants, rules and regulations (as they may be amended from time to time) which relate only to use of the Pool and Facilities, including penalties and remedies available to Bent Creek HOA for violations of said pool-related covenants, rules and regulations. The owners of dwelling units within the BCAA Property, and other occupants of said BCAA Property shall not be subject to the terms and conditions of the Declaration or other Bent Creek HOA governing documents and shall not be obligated to pay Bent Creek HOA assessments or charges (or any portion thereof), except and to the limited extent expressly provided in this Amendment.

2. Amendment. This Amendment shall not be modified without the prior written consent of the Declarant and the Bent Creek Cottages Homeowners Association, Inc.

3. Ratification. The Declaration is ratified and confirmed to the limited extent set forth herein.

***[SIGNATURE PAGE FOLLOWS.]***

**IN WITNESS WHEREOF**, this instrument has been executed as of the day and date first above written.

**DECLARANT:**

**CK DEVELOPMENT, L.L.C.,**
a Tennessee limited liability company

By: ______________________
William M. Kottas, Jr., Chief Manager

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Personally appeared before me, the undersigned, a Notary Public, **WILLIAM M. KOTTAS, JR.**, with whom I am personally acquainted, and who acknowledged that he executed the foregoing instrument for the purposes therein contained and who further acknowledged that he is **CHIEF MANAGER** of **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, and is authorized to execute this instrument on behalf of **CK DEVELOPMENT, L.L.C.**

WITNESS my hand, at office this 12 day of January, 2015.

PATRICIA A. RAY
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY, TENN.
My Commission Expires JULY 6, 2015

______________________
Notary Public
My Commission expires: July 6, 2015

BK: 6357 PG: 553-555
15001142

| | |
|---|---|
| 3 PGS:AL-RESTRICTIONS | |
| 367778 | |
| **01/12/2015 - 01:58 PM** | |
| BATCH | 367778 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

590341.1/20141171

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# SEVENTEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 15th day of May, 2015, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; and Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 11, Section 1, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]

Print Name: Steven G. Cates

STATE OF TENNESSEE )

COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Steven G. Cates, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 18th day of May, 2015.

MELISSA MELTON STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF DAVIDSON

Melissa Melton
NOTARY PUBLIC
My Commission expires: 11/05/18

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 11, Section 1B, of record in Book P61, page 122, Register's Office for Williamson County, Tennessee.

BEING the same property conveyed to CK Development, L.L.C. by deed of record in Book 6222, page 575, Register's Office for Williamson County, Tennessee.

BK: 6454 PG: 518-520

15019173

3 PGS:AL-RESTRICTIONS

383800

05/18/2015 - 10:13 AM

| | |
|---|---|
| BATCH | 383800 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# EIGHTEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 23rd day of July, 2015, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; and Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 11, Section 2, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]

Print Name: Steve Cates

STATE OF TENNESSEE )

COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Steve Cates, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 23 day of July, 2015.

MELISSA MELTON STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF DAVIDSON

Melissa Melton
NOTARY PUBLIC
My Commission expires: 11/05/18

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 11, Section 2, of record in Book P62, page 30, Register's Office for Williamson County, Tennessee.

BEING the same property conveyed to CK Development, L.L.C. by deed of record in Book 6222, page 575, Register's Office for Williamson County, Tennessee.

BK: 6517 PG: 686-686

15031029

1 PGS:AL-RESTRICTIONS

394380

07/24/2015 - 09:07 AM

| | |
|---|---|
| BATCH | 394380 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 10.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 12.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# NINETEENTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 24th day of September, 2015, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; and Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 4, Section 1D, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: Wm Kottas, Jr

Print Name: Wm Kottas

STATE OF TENNESSEE )

COUNTY OF Davidson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William Kottas Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 24 day of September, 2015.

Leah S Jones
NOTARY PUBLIC
My Commission expires: 1-8-2019

LEAH SMITH JONES
STATE OF TENNESSEE NOTARY PUBLIC
COUNTY OF DAVIDSON



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 107 of 139 PageID #: 1336

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 4, Section 1D, of record in Book P 62, page 74, Register's Office for Williamson County, Tennessee.

BEING the same property conveyed to CK Development, L.L.C. by deed of record in Book 6222, page 575, Register's Office for Williamson County, Tennessee.

BK: 6571 PG: 47-49
15041247
3 PGS:AL-RESTRICTIONS
402811
09/25/2015 - 08:53 AM

| | |
|---|---|
| BATCH | 402811 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

Pick Up

# TWENTIETH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 13th day of October, 2015, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686; and Nineteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6571, page 47, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 4, Section 1D, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: Steven G. Cates

Print Name: Steven G. Cates

STATE OF TENNESSEE )

COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Steven G. Cates, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 14 day of October, 2015.

Leah Smith Jones
NOTARY PUBLIC
My Commission expires: 1-8-2019

LEAH SMITH JONES
STATE OF TENNESSEE
NOTARY PUBLIC
COUNTY OF DAVIDSON



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 110 of 139 PageID #: 1339

# EXHIBIT A

Property Description

Tract I

PARCEL 25.14

Being a certain tract on land in the Bent Creek Subdivision in the 17th Civil District, Williamson County, Nolensville, Tennessee, known as Nolensville Residential, Inc. (DB 3331, PG 585). Being bounded on the north Phase 1-Sec 3B by, east by Phase 5-Sec 1, south by Phase 5-Sec 1 and Phase 4-Sec 2, and on the west by The Reserve and being further described as follows.

Beginning at a point in the easterly line of The Reserve at Bent Creek (PB 44, PG 138) at a southwesterly corner of Phase 1, Section 3B (PB 41, PG 62) and being the northwesterly corner of the herein described tract.

Thence, with the southerly line of Phase 1, South 27 degrees 05 minutes 16 seconds East – 327.64 feet to a point at the northwesterly corner of Phase Five, Section One (PB 46, PG 57);

Thence, with the westerly and northerly lines of Phase Five for the next three calls:

South 52 degrees 12 minutes 51 seconds West – 237.13 feet to a point;
South 24 degrees 27 minutes 43 seconds West – 422.35 feet to a point;
North 65 degrees 32 minutes 17 seconds West – 412.58 feet to a point, being a northwesterly corner of Phase 4, Section 2 (PB 49, PG 74) in the east line of the aforementioned Reserve.

Thence, with the easterly line of the Reserve, North 42 degrees 07 minutes 14 seconds East – 877.48 feet to the point of beginning and containing 5.546 acres more or less

This being the same property conveyed to CK Development, L.L.C., by deed in Book 6587, page 484, Register's Office for Williamson County, Tennessee.

Tract II
PARCEL 25.10

Being a certain tract on land in the Bent Creek Subdivision in the 17th Civil District, Williamson County, Nolensville, Tennessee, known as Nolensville Residential, INC. (DB 879, PG 3323). Being bounded on the north by Townhomes and Active Adult, east by Phase 1-Sec 1, south by Phase 3-Sec 1 and Phase 2-Sec 4, and on the west by Phase 2-Sec 4 and being further described as follows:

Beginning at a point in the easterly line of Bent Creek Townhomes (PB 57, PG 139) at the southwesterly corner of Bent Creek, Active Adult (PB 61, PG 16) and being a northwesterly corner of the herein described tract.

Thence, with the south line of Active Adult for the next five calls:
South 78 degrees 21 minutes 46 seconds East– 371.75 feet to a point;
North 71 degrees 07 minutes 31 seconds East – 64.32 feet to a point;
North 81 degrees 07 minutes 49 seconds East – 94.59 feet to a point;
South 70 degrees 39 minutes 37 seconds East – 99.79 feet to a point;
South 87 degrees 08 minutes 46 seconds East – 134.98 feet to a point in the west Right-of-Way of Old Clovercroft Road;

Thence, with the west Right-of-Way of Old Clovercroft Road, South 02 degrees 51 minutes 14 seconds West – 122.02 feet to a point;

Thence, North 87 degrees 08 minutes 46 seconds – 65.93 feet to a point in the north line of Phase One, Section One (PB 39, PG 145);

Thence, with the north and west lines of Phase One for the next sixteen calls:
North 47 degrees 32 minutes 43 seconds West – 120.76 feet to a point;
North 70 degrees 39 minutes 37 seconds West – 77.01 feet to a point;
South 81 degrees 07 minutes 49 seconds West – 77.90 feet to a point,
South 71 degrees 41 minutes 11 seconds West – 51.00 feet to a point;
South 66 degrees 29 minutes 02 seconds West – 140.46 feet to a point;
South 26 degrees 30 minutes 07 seconds West – 78.77 feet to a point,
South 30 degrees 26 minutes 24 seconds West – 80.16 feet to a point,
South 08 degrees 24 minutes 17 seconds West – 64.68 feet to a point;
South 14 degrees 17 minutes 46 seconds West – 250.10 feet to a point;
South 16 degrees 36 minutes 59 seconds West – 72.13 feet to a point,
South 44 degrees 30 minutes 04 seconds West – 54.85 feet to a point,
South 40 degrees 14 minutes 50 seconds West – 150.00 feet to a point;
South 36 degrees 21 minutes 54 seconds West – 87.84 feet to a point,
South 04 degrees 18 minutes 17 seconds West – 88.10 feet to a point,
South 56 degrees 46 minutes 33 seconds West – 22.87 feet to a point;
South 34 degrees 38 minutes 47 seconds West – 160.94 feet to a point in the northerly line of Phase Three, Section One (PB 45, PG 4);

Thence, with the north line of Phase Three, North 82 degrees 59 minutes 02 seconds West – 128.72 feet to a point in the east line of Phase Two, Section Four (PB 43, PG 89);

Thence, with the north and east lines of Phase Three for the next seven calls:
North 01 degrees 25 minutes 54 seconds West – 155.49 feet to a point;
North 17 degrees 28 minutes 48 seconds East – 52.83 feet to a point;
North 72 degrees 29 minutes 43 seconds West – 233.33 feet to a point,


Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 112 of 139 PageID #: 1341

North 23 degrees 25 minutes 21 seconds East – 203.14 feet to a point;
North 30 degrees 28 minutes 59 seconds East – 263.00 feet to a point;
North 35 degrees 28 minutes 59 seconds East – 166.68 feet to a point,
North 15 degrees 23 minutes 13 seconds West – 120.27 feet to a point in the south line of Bent Creek Townhomes (PB 57, PG 139);

Thence, with the south and east lines of Townhomes for the next three calls:
South 84 degrees 36 minutes 01 seconds East – 237.16 feet to a point;
North 05 degrees 23 minutes 59 seconds East – 69.60 feet to a point;
North 11 degrees 32 minutes 25 seconds East – 146.73 feet to the point of beginning and containing 11.20 acres more or less.

This being the same property conveyed to CK Development, L.L.C., by deed in Book 6587, page 484, Register's Office for Williamson County, Tennessee.

BK: 6587 PG: 490-494
15044320
5 PGS:AL-RESTRICTIONS
405901
10/15/2015 - 02:29 PM

| | |
|---|---|
| BATCH | 405901 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 25.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 27.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# TWENTY-FIRST SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 28th day of March, 2016, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686; Nineteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6571, page 47; and Twentieth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6587, page 490, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 12, Section 1, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature], Member

Print Name: Steven G. Cates

STATE OF TENNESSEE )

COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Steven G. Cates, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 28th day of March, 2016.

Leah Smith Jones
NOTARY PUBLIC
My Commission expires: 1-8-2019

LEAH SMITH JONES
STATE OF TENNESSEE NOTARY PUBLIC
COUNTY OF DAVIDSON

# EXHIBIT A

## PROPERTY DESCRIPTION

Being a certain tract on land in the Bent Creek Subdivision in the 17th Civil District, Williamson County, Nolensville, Tennessee, known as Nolensville Residential, INC. (DB 3331, PG 585). Being bounded on the north by Phase 10-Sec 1 by, east by Vernon, south by Clovercroft Rd., and on the west by Vernon and Phase 10-Sec 1 and being further described as follows.

Beginning at a point, said point being the northwesterly corner of Betty J. Vernon (DB 235, PG 303) and being in the easterly line of the herein described tract.

Thence, with the west line of Vernon, South 09 degrees 41 minutes 48 seconds East – 1346.35 feet to a point in the center of Clovercroft Road;

Thence, with the center of Clovercroft Road, along a curve to the left, 413.82 feet having a radius of 3403.55 feet with a chord bearing and distance of South 80 degrees 35 minutes 31 seconds West – 413.57 feet to a point in the east line of J.R. and Pattie B. Vernon (DB 297, PG 235);

Thence, with the easterly line of Vernon, North 09 degrees 35 minutes 10 seconds West – 1390.43 feet to a point in the south line of Phase 10 – Section 1 (PB 58, PG 60);

Thence, with the lines of Phase 10 for the next nine calls:

South 74 degrees 45 minutes 51 seconds East – 39.63 feet to a point;
North 15 degrees 14 minutes 09 seconds East – 47.05 feet to a point;
North 39 degrees 03 minutes 56 seconds East – 134.12 feet to a point;
North 25 degrees 09 minutes 06 seconds East – 69.34 feet to a point;
South 83 degrees 32 minutes 36 seconds East – 114.49 feet to a point;
North 14 degrees 42 minutes 42 seconds West – 128.47 feet to a point;
North 75 degrees 17 minutes 18 seconds East – 60.00 feet to a point;
South 14 degrees 42 minutes 42 seconds East – 322.49 feet to a point;
North 75 degrees 17 minutes 18 seconds East – 28.04 feet to the point of beginning and containing 14.168 acres more or less.

Being property conveyed to CK Development, L.L.C., in Deed Book 6636, page 689, Register's Office for Williamson County, Tennessee.

BK: 6708 PG: 919-921
16011831
3 PGS:AL-RESTRICTIONS
427413
04/01/2016 - 01:41:00 PM

| | |
|---|---|
| BATCH | 427413 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

Grissm and Hodges



This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges mail
323 Union Street, Suite 400
Nashville, TN 37201

# TWENTY-SECOND SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

WHEREAS, a Quitclaim Deed was recorded on April 1, 2016, in Book 6708, page 916, Register's Office for Williamson County, Tennessee, whereby CK Development, L.L.C., conveyed to the Bent Creek Homeowners Association an approximately 9.761-acre tract of property; and

WHEREAS, immediately after the recording of the Quitclaim Deed, a Twenty-First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek was recorded of record in Book 6708, page 919, said Register's Office (the "Declaration"), which subjected 14.16 acres of property to the terms and conditions of the Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek, of record in Book 3422, page 804, as amended; and

WHEREAS, the order of recording for the Quitclaim Deed and the Twenty-First Supplementary Declaration was in error, since the Quitclaim Deed should have been recorded after the Declaration; this resulted in the 9.761-acre piece of property not being subject to the terms and conditions of the Declaration since CK Development, L.L.C., no longer held record title to that property, and;

WHEREAS, CK Development, L.L.C., and the Bent Creek Homeowner's Association, Inc., desire to correct this error and join in the recording of this Twenty-Second Supplemental Declaration to subject the property set forth on Exhibit "A", being a 9.761-acre tract to the terms and conditions of the Declaration.

NOW, THEREFORE, for and in consideration of Ten ($10.00) Dollars in hand paid, and the mutual agreements of the parties:

The property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

*(Remainder of page intentionally left blank; signature blocks follow.)*

BK: 6719 PG: 262-264
16013686

| | |
|---|---|
| 3 PGS:AL-RESTRICTIONS | |
| 429120 | |
| 04/14/2016 - 11:52 AM | |
| BATCH | 429120 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]

Print Name: W. M. Kottas Jr

STATE OF TENNESSEE )
COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 12 day of April, 2016.

LEAH SMITH JONES STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF DAVIDSON

Leah Smith Jones
NOTARY PUBLIC
My Commission expires: 1-8-2019

**BENT CREEK HOMEOWNERS ASSOCIATION**
a Tennessee nonprofit corporation

By: [signature]
William M. Kottas, Jr., President

STATE OF TENNESSEE )
COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared WILLIAM M. KOTTAS, JR., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of BENT CREEK HOMEOWNERS ASSOCIATION, a Tennessee nonprofit corporation, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 12 day of April, 2016.

LEAH SMITH JONES STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF DAVIDSON

Leah Smith Jones
NOTARY PUBLIC
My Commission expires: 1-8-2019



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 118 of 139 PageID #: 1347

# EXHIBIT A

## PROPERTY DESCRIPTION

Being a certain tract on land in the Bent Creek Subdivision in the 17th Civil District, Williamson County, Nolensville, Tennessee, known as Nolensville Residential, INC. (DB 3331, PG 585). Being bounded on the north by Phase 10-Sec 1 by, east by Vernon, south by Clovercroft Rd., and on the west by Vernon and Phase 10-Sec 1 and being further described as follows.

Beginning at a point, said point being the northwesterly corner of Betty J. Vernon (DB 235, PG 303) and being in the easterly line of the herein described tract.

Thence, with the west line of Vernon, South 09 degrees 41 minutes 48 seconds East – 1346.35 feet to a point in the center of Clovercroft Road;

Thence, with the center of Clovercroft Road, along a curve to the left, 413.82 feet having a radius of 3403.55 feet with a chord bearing and distance of South 80 degrees 35 minutes 31 seconds West – 413.57 feet to a point in the east line of J.R. and Pattie B. Vernon (DB 297, PG 235);

Thence, with the easterly line of Vernon, North 09 degrees 35 minutes 10 seconds West – 1390.43 feet to a point in the south line of Phase 10 – Section 1 (PB 58, PG 60);

Thence, with the lines of Phase 10 for the next nine calls:

South 74 degrees 45 minutes 51 seconds East – 39.63 feet to a point;
North 15 degrees 14 minutes 09 seconds East – 47.05 feet to a point;
North 39 degrees 03 minutes 56 seconds East – 134.12 feet to a point;
North 25 degrees 09 minutes 06 seconds East – 69.34 feet to a point;
South 83 degrees 32 minutes 36 seconds East – 114.49 feet to a point;
North 14 degrees 42 minutes 42 seconds West – 128.47 feet to a point;
North 75 degrees 17 minutes 18 seconds East – 60.00 feet to a point;
South 14 degrees 42 minutes 42 seconds East – 322.49 feet to a point;
North 75 degrees 17 minutes 18 seconds East – 28.04 feet to the point of beginning and containing 14.168 acres more or less.

Being property conveyed to CK Development, L.L.C., in Deed Book 6636, page 689, Register's Office for Williamson County, Tennessee.

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

**TWENTY-THIRD SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 25th day of April, 2016, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covénants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686; Nineteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6571, page 47; Twentieth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6587, page 490; Twenty-First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6708, page 919; and Twenty-Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6719, page 262, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly

described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 18, Section 1, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]

Print Name: William M. Kottas

STATE OF TENNESSEE )

COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 25 day of April, 2016.

LEAH SMITH JONES
STATE OF TENNESSEE NOTARY PUBLIC
COUNTY OF DAVIDSON

[signature]
NOTARY PUBLIC
My Commission expires: 1-8-2019

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 18, Section 1, of record in Plat Book P63, page 122, Register's Office for Williamson County, Tennessee.

BEING a portion of the same property conveyed to CK Development, L.L.C., by deed of record in Book 6353, page 427, Register's Office for Williamson County, Tennessee.

BK: 6727 PG: 673-675

16015292

3 PGS:AL-RESTRICTIONS

430882

04/25/2016 - 02:42 PM

| | |
|---|---|
| BATCH | 430882 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

# TWENTY-FOURTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK

**THIS INSTRUMENT** is made this 25 day of October, 2016, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686; Nineteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6571, page 47; Twentieth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6587, page 490; Twenty-First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6708, page 919; Twenty-Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6719, page 262; and Twenty-Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6727, page 673, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II

of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 18, Section 2, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: [signature]

Print Name: William M. Kottas

STATE OF TENNESSEE )

COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M Kottas, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 25 day of October, 2016.

LEAH SMITH JONES
STATE OF TENNESSEE NOTARY PUBLIC
COUNTY OF DAVIDSON

Leah Smith Jones
NOTARY PUBLIC
My Commission expires: 1-8-19



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 124 of 139 PageID #: 1353

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek, Phase 18, Section 2, of record in Plat Book P65, page 14, Register's Office for Williamson County, Tennessee.

BEING a portion of the same property conveyed to CK Development, L.L.C., by deed of record in Book 6353, page 427, Register's Office for Williamson County, Tennessee.

BK: 6909 PG: 202-204

16046852

3 PGS:AL-RESTRICTIONS

460276

10/25/2016 - 11:51 AM

| | |
|---|---|
| BATCH | 460276 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

Pick Up

This Instrument Prepared By:
Mark E. Morrison
Grissim and Hodges
323 Union Street, Suite 400
Nashville, TN 37201

**TWENTY-FIFTH SUPPLEMENTARY DECLARATION TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BENT CREEK**

**THIS INSTRUMENT** is made this 13th day of February, 2017, by **CK DEVELOPMENT, L.L.C.**, a Tennessee limited liability company, as Declarant ("Declarant") under the Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3422, page 804, Register's Office for Williamson County, Tennessee; as supplemented by First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 824; Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes, of record in Book, 6357, page 553; Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686; Nineteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6571, page 47; Twentieth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6587, page 490; Twenty-First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6708, page 919; Twenty-Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6719, page 262; Twenty-Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6727, page 673; and Twenty-Fourth Supplementary Declaration to Declaration of Covenants, Conditions and

Restrictions for Bent Creek of record in Book 6909, page 202, Register's Office for Williamson County, Tennessee (the "Declaration"). Pursuant to Article II of the Declaration, Declarant hereby amends the Declaration to annex and bring within the coverage and encumbrance of the Declaration, real property located in the City of Nolensville, Williamson County, Tennessee, more particularly described on the attached Exhibit "A", which is incorporated by reference herein and which is platted as Phase 12, Bent Creek Subdivision.

By virtue of this instrument, the property described in the attached Exhibit "A" is made a part of the "Properties" as defined in the Declaration. The property described herein shall be subject to all the terms and provisions set forth in the Declaration, as such may be amended from time to time.

**IN WITNESS WHEREOF**, this instrument has been executed on the day and date first above written.

**CK DEVELOPMENT, L.L.C.**
a Tennessee limited liability company

By: W.M. Kottas

Print Name: W.M. Kottas, Jr.

STATE OF TENNESSEE )

COUNTY OF Williamson )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared William M. Kottas, Jr., with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who upon oath acknowledged himself to be a member of CK DEVELOPMENT, L.L.C., a Tennessee limited liability company, the within named bargainor, and that he as such member executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as member.

WITNESS my hand and official seal on this 13th day of February, 2017.

LEAH SMITH JONES STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF DAVIDSON

Leah Smith Jones
NOTARY PUBLIC
My Commission expires: 1-8-2019

# EXHIBIT A

LAND in the 17th Civil District of Williamson County, Tennessee, and shown on the Final Subdivision Plat Bent Creek Phase 12, of record in Plat Book P65, page 124, Register's Office for Williamson County, Tennessee.

BEING a portion of the same property conveyed to CK Development, L.L.C., by deed of record in Book 6353, page 427, Register's Office for Williamson County, Tennessee.

BK: 7005 PG: 921-923
17005916
3 PGS:AL-RESTRICTIONS
477621
02/13/2017 - 02:04 PM

| | |
|---|---|
| BATCH | 477621 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 128 of 139 PageID #: 1357

Hogan & Farrar

THIS INSTRUMENT PREPARED BY:
Mary Beth Hagan, Esq.
HAGAN & FARRAR, PLLC
mail: 106 North Church Street
Murfreesboro, TN 37130

**FIRST AMENDMENT TO THE BY-LAWS
OF
BENT CREEK HOMEOWNERS ASSOCIATION**

Pursuant to the provisions of Article XII of the By-Laws of Bent Creek Homeowners Association, of record as Book 3422, Page 804-844 in the Register's Office for Williamson County, Tennessee, as supplemented in the First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; in the Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; in the Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; in the Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; in the Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; in the Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; in the Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; in the Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; in the Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; in the Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949 page 824; in the Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; in the Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; in the Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; and in the Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600, all of record in the Register's Office for Williamson County, Tennessee, the undersigned Declarant hereby submits this Amendment to the By-Laws and states as follows:

1. The name of the corporation is Bent Creek Homeowners Association. The Declarant is CK Development, L.L.C.

2. The following provisions are hereby amended:

a. Article IV, Section 3 shall be deleted in its entirety, and the following section shall be inserted in its place:

### ARTICLE IV, Section 3

**Reallocation of Board of Directors Seats as Homes are Occupied.**

(a) Additional members of the Board of Directors shall be elected as follows: when twenty percent (20%) of the total of eight hundred four (804) homes conditionally permitted by the final subdivision plan then approved by and on file with the Nolensville Planning Commission are Owner occupied, the Class A Members shall elect a sixth (6th) director from among their own number. When forty percent (40%) of such homes are Owner occupied, the Class A Members shall elect a new director from among their own number, displacing one Declarant appointed director. When eighty percent (80%) of such homes are Owner occupied, the Class A Members shall elect a new director from among their number, displacing another Declarant appointed director. When ninety-five (95%) of all authorized homes are Owner occupied, the Class A Members shall elect a new director from among their number, displacing a Declarant appointed Director. When all of the authorized homes have been completed and sold by the Declarant or a professional builder to an end user (whether for occupancy or rent), all director terms shall expire and the then Owners shall elect (7) new directors.

(b) At the first election after all of the authorized homes have been completed and sold by the Declarant or a professional builder to an end user (whether for occupancy or rent), two (2) directors shall be elected for a one (1) year term, two (2) directors shall be elected for a two (2) year term, and three (3) directors shall be elected for a three (3) year term. When the term expires for the two (2) directors holding one-year terms, two (2) directors shall then be elected for a three (3) year term. When the term expires for the two (2) directors holding two-year terms, two (2) directors shall then be elected for a three (3) year term. Thereafter, director terms shall be for three (3) years.

b. Article VI, Section 1 shall be deleted in its entirety, and the following section shall be inserted in its place:

### ARTICLE VI, Section 1

**Regular Meetings.** Regular meetings of the Board of Directors shall be held quarterly, without notice, at such place and hour as may be fixed from time to time by resolution of the Board. Should said meeting fall upon a legal holiday, then that meeting shall be held at the same time on the next day which is not a legal holiday.

c. Article VII, Section 1 shall be deleted in its entirety, and the following section shall be inserted in its place:

### ARTICLE VII, Section 1

**Powers.** The Board of Directors shall have power to:

(a) adopt and publish rules and regulations governing maintenance obligations of the Members, governing the use of the Common Area, and establishing penalties for the infractions of the rules and regulations;
(b) suspend the voting rights and right to use of any recreational facilities of a Member during any period in which such Member shall be in default in the payment of any assessment levied by the Association. Such rights may also be suspended after notice and hearing, for a period not to exceed sixty (60) days for infraction of published rules and regulations;
(c) exercise for the Association all powers, duties and authority vested in or delegated to this Association and not reserved to the membership by other provisions of the Bylaws, the Articles of Incorporation, or the Declaration;
(d) declare the office of a member of the Board of Directors to be vacant in the event such member shall be absent from three (3) consecutive regular meetings of the Board of Directors; and
(e) employ a manager, an independent contractor or such other employees as they deem necessary, and to prescribe their duties.

d. Article XI shall be deleted in its entirety, and the following section shall be inserted in its place:

**ARTICLE XI**

As more fully provided in, and subject to the provisions of, the Declaration, Members are obligated to pay to the Association annual and special assessments which are secured by a continuing lien upon the property against which the assessment is made. Any assessments which are not paid when due shall be delinquent. If the assessment is not paid within thirty (30) days after the due date, the assessment shall bear interest from the due date at the lesser of ten percent (10%) per annum or the maximum rate allowed by applicable law, and the Association may bring an action at law against the Owner personally obligated to pay the same or foreclose the lien against the property, and interest, costs and reasonable attorney's fees of any such action shall be added to the amount of such assessment. No Owner may waive or otherwise escape liability for the assessments provided for herein by nonuse or abandonment of the Owner's Lot.

3. The By-Laws require approval of amendments by the Declarant unilaterally. The Declarant, by its signature hereinbelow, approved this Amendment and duly adopted the Amendment on October 7, 2014.

4. This Amendment to the By-Laws supersedes the corporation's original By-Laws as to these particular provisions only. All remaining provisions of the By-Laws for Bent Creek Homeowners Association shall remain in full force and effect.

DATED the 3rd day of December, 2014.

**CK Development, L.L.C.,**
a Tennessee Limited Liability Company
By: William Kottas
Its: Managing Member

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Personally appeared before me, a Notary Public, in and for the State and County aforesaid, William Kottas, authorized Member of CK Development, L.L.C., the Declarant, with whom I am personally acquainted, and who, upon oath, acknowledged that he executed the within instrument for the purposes therein contained. Witness my hand, at office, this 3rd day of December, 2014.

Notary Public

My Commission Expires:

6-17-18

Mary Beth Hagan State Of Tennessee Notary Public Rutherford County

BK: 6335 PG: 168-171
14045698

| | |
|---|---|
| 4 PGS:AL-RESTRICTIONS | |
| 364421 | |
| 12/08/2014 - 02:02 PM | |
| BATCH | 364421 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 20.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 22.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

mail

THIS INSTRUMENT PREPARED BY:
Mary Beth Hagan, Esq.
HAGAN JENKINS LAW GROUP, PLLC
495 North Walnut Street
Murfreesboro, TN 37130

# SECOND AMENDMENT TO THE BY-LAWS OF BENT CREEK HOMEOWNERS ASSOCIATION

Pursuant to the provisions of Article XII of the By-Laws of Bent Creek Homeowners Association, of record as Book 3422, Page 804-844 in the Register's Office for Williamson County, Tennessee, as supplemented in the First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 3966, page 318; in the Second Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 4474, page 691; in the Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5091, page 753; in the Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5497, page 485; in the Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5559, page 652; in the Sixth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5658, page 968; in the Seventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5708, page 599; in the Eighth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5907, page 179; in the Ninth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949, page 821; in the Tenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 5949 page 824; in the Eleventh Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6027, page 423; in the Twelfth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6128, page 370; in the Thirteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6172, page 831; in the Fourteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6236, page 600; in the Fifteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6338, page 710; in the Sixteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek Annexing the Bent Creek Active Adult Community for Limited Purposes of record in Book 6357, page 553; in the Seventeenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6454, page 518; in the Eighteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6517, page 686; in the Nineteenth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6571, page 47; in the Twentieth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6587, page 490; in the Twenty-First Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6708, page 919; in the Twenty-Second

Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6719, page 262; in the Twenty-Third Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6727, page 673; in the Twenty-Fourth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 6909, page 202; in the Twenty-Fifth Supplementary Declaration to Declaration of Covenants, Conditions and Restrictions for Bent Creek of record in Book 7005, page 921, and the First Amendment to the By-Laws of Bent Creek Homeowners Association of record in Book 6335, page 168, all of record in the Register's Office for Williamson County, Tennessee, the undersigned hereby submits this Amendment to the By-Laws and states as follows:

1. The name of the corporation is Bent Creek Homeowners Association.

2. The following provisions are hereby amended:

a. **Sections 3, 4, and 5 of Article III – Meeting of Members** shall be deleted in their entirety and replaced with the following:

**Section 3. <u>Notice of Meetings</u>. Written notice of each meeting of the Members shall be given by, or at the direction of, the secretary or person authorized to call the meeting, by sending a copy of such notice by mail postage prepaid or e-mail at least forty-five (45) days before such meeting to each Member entitled to vote thereat, addressed to the Member's address last appearing on the books of the Association, or to such address supplied by such Member to the Association for the purpose of notice. If a Lot, owned by two or more Members, has only one address appearing on the books of the Association, then notice is deemed sent to all Members who own that Lot if it is sent to that address. Such notice shall specify the place, day and hour of the meeting, and, in the case of a special meeting, the purpose of the meeting. Such notice shall also explain the procedure to be utilized for electronic voting at the meeting.**

**Section 4. <u>Quorum</u>. The presence at the meeting of Members entitled to cast, or of proxies entitled to cast, one-tenth (1/10th) of the votes of each class of membership shall constitute a quorum for any action except as otherwise provided in the Charter, the Declaration, or these By-laws. If, however, such quorum shall not be present or represented at any meeting, the Members entitled to vote at the meeting shall have power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum as aforesaid shall be present or represented. In the event that a Member has voted electronically as provided in these By-Laws, such Member's representation shall be counted towards quorum for the meeting.**

**Section 5. <u>Voting</u>. For all meetings of Members, each Member may vote in person, by proxy, or electronically, whether online, by mobile device, or through such other available technology for voting. If electronic voting is utilized for a meeting, the Board of Directors shall select a company to provide such technology in advance of the meeting and provide written notice to the Members of the procedure to be utilized for electronic voting at the meeting.**

**Section 6. <u>Proxies</u>. All proxies shall be in writing and filed with the Association's managing agent, or such other person designated in writing by the Board of Directors. Proxies may be submitted by hand-delivery, mail, e-mail, facsimile, or such other commonly accepted means of delivery. Every proxy shall be revocable and shall automatically cease upon conveyance by the Member of the Lot or after eleven (11) months, whichever occurs first.**

b. **Article V – Nomination and Election of Directors** shall be deleted in its entirety and replaced with the following:

**Section 1. <u>Nominating Committee</u>. Nomination for election to the Board of Directors shall be made by a Nominating Committee. The Nominating Committee shall consist of a member of the Board of Directors, who shall be the Chair of the Nominating Committee, and two or more Members of the Association. The Nominating Committee shall be appointed by the Board of Directors prior to each annual meeting of the Members, and such appointment shall be announced at each annual meeting. The Nominating Committee shall make as many nominations for election to the Board of Directors as it shall in its discretion determine, but not less than the number of vacancies that are to be filled. Such nominations may be made from among Members or non-Members and may include members of the Nominating Committee. The notice for the Annual Meeting shall include a list of each nominee, the nominator, and such other information as the Board of Directors deems appropriate.**

**Section 2. <u>Nominations from Members</u>. Nominations may also be made by any Member of the Association no later than thirty (30) days prior to the date set for the Annual Meeting. To make such nomination(s), the Member shall deliver a written nomination(s) within said time to the Association's managing agent or such other person who the Board of Directors may direct. The written nomination shall include contact information for such nominee(s), including telephone number, residential address, and e-mail address. Such nominations may be made from among Members or non-Members and may be a self-nomination.**

**Section 3. <u>Election</u>. Election to the Board of Directors shall be by secret ballot. Votes may be cast electronically, whether online, by mobile device, or through such other available technology for voting, or by paper ballot. If electronic voting is utilized for the Annual Meeting, the Board of Directors shall select a vendor to provide such technology in advance of the Annual Meeting and provide notice to the Members with the notice of meeting of the procedure to be utilized for electronic voting at the meeting. For such election, the Members or their proxies may cast, with respect to each vacancy on the Board of Directors, as many votes as they are entitled to exercise under the provisions of the Declaration. The persons receiving the largest number of votes shall be elected. Cumulative voting is not permitted.**



Case 3:26-cv-00700 Document 35-2 Filed 08/31/26 Page 135 of 139 PageID #: 1364

3. The By-Laws may be amended by a vote of a majority of a quorum of Members, present in person or by proxy. This Second Amendment to the By-Laws was duly adopted by affirmative majority vote of the Members present in person or by proxy at the duly called annual meeting of the Association on the 26th day of April, 2021, pursuant to Article XII of the By-Laws for Bent Creek Homeowners Association.

4. This Second Amendment to the By-Laws supersedes the corporation's original By-Laws as to these particular provisions only. All remaining provisions of the By-Laws for Bent Creek Homeowners Association, as amended, shall remain in full force and effect.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

This instrument is dated as of the 28th day of June, 2021.

Bent Creek Homeowners Association
a Tennessee Non-Profit Corporation
By: Eric Pasalakis
Its: President

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Personally appeared before me, a Notary Public, in and for the State and County aforesaid, Eric Pasalakis, President of Bent Creek Homeowners Association, with whom I am personally acquainted, and who, upon oath, acknowledged that he is duly authorized in such capacity to execute the within instrument for the purposes therein contained.

Witness my hand, at office, this 28th day of June, 2021.

Mary Beth Hagan
Notary Public

My Commission Expires:

7-12-2022

Mary Beth Hagan State Of Tennessee Notary Public Rutherford County

BK: 8630 PG: 467-471
21040885
5 PGS:AL-RESTRICTIONS
797226
07/08/2021 - 08:01 AM

| | |
|---|---|
| BATCH | 797226 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 25.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 27.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SHERRY ANDERSON
REGISTER OF DEEDS

Gullett Sanford Robinson
& Martin



RECEIVED
STATE OF TENNESSEE
PM 3: 35
FILED
RILEY DARNELL
SECRETARY OF STATE

# CHARTER
# OF
# BENT CREEK HOMEOWNERS ASSOCIATION

The undersigned, acting as the incorporator of a corporation under the Tennessee Nonprofit Corporation Act, adopt the following Charter for such corporation:

1. The name of the corporation is Bent Creek Homeowners Association.

2. This corporation is a mutual benefit corporation.

3. The street address of the initial registered office of the corporation is 1612 Westgate Circle, Suite 220, Brentwood, Williamson County, Tennessee 37027, and the initial registered agent for the corporation at that office is Steven G. Cates.

4. The name and address of the incorporator is:

   Steven G. Cates
   1612 Westgate Circle, Suite 220
   Brentwood, Tennessee 37027

5. The street address of the principal office of the corporation is 1612 Westgate Circle, Suite 220, Brentwood, Tennessee 37027.

6. The corporation is not for profit.

7. The corporation shall have members. The members of the corporation shall be the owners of lots of Bent Creek Subdivision, Williamson County, Tennessee. Upon the conveyance or transfer of the ownership interest in a lot, the new owner or owners shall succeed to the former owner's or owners' membership, and the membership of the former owner or owners shall terminate.

8. To the extent allowed by the laws of the State of Tennessee, no present or future director of the corporation (or his or her estate, heirs and personal representatives) shall be liable to the corporation or its members for monetary damages for breach of fiduciary duty as a director of the corporation. Any liability of a director (or his or her estate, heirs and person representatives) shall be further eliminated or limited to the fullest extent allowed by the laws of the State of Tennessee, as may hereafter be adopted or amended.

9. With respect to claims or liabilities arising out of service as a director or officer of the corporation, the corporation shall indemnify and advance expenses to each present and future director and officer (and his or her estate, heirs and personal representatives) to the fullest extent allowed by the laws of the State of Tennessee, both as now in effect and as hereafter adopted or amended.

10. The purposes for which the corporation is organized are: to operate a subdivision homeowners association solely to provide for the management, maintenance and care of association property and activities; and generally to engage in any other lawful endeavor or activity in furtherance of the foregoing, so long as such endeavor or activity does not prevent the corporation from being, or maintaining its status as, a homeowners association as defined by Section 528(c)(1) of the Internal Revenue Code of 1986 or corresponding section of any future federal income tax code.

11. No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to, its directors, officers, members or other private individuals or person, except that the corporation shall be authorized and empowered to (a) pay reasonable compensation for goods and services rendered, (b) rebate excess membership dues, fees or assessments, and (c) make payments in furtherance of the purposes set forth in the paragraph just above.

12. Upon the dissolution of the corporation, all assets of the corporation shall be distributed to a non-profit organization with purposes similar to those of the corporation. Such organization to be chosen by the Board of Directors of the corporation as part of the plan of dissolution of the corporation.

DATED as of this 3 day of December, 2004.

Wesley D. Turner, Incorporator

Wesley D. Turner, Incorporator

BK/PG:3425/722-723

04056504

| | |
|---|---|
| CHARTER | |
| 12/09/2004 | 08:01 AM |
| BATCH | 34797 |
| MTG TAX | 0.00 |
| TRN TAX | 0.00 |
| REC FEE | 5.00 |
| DP FEE | 2.00 |
| REG FEE | 0.00 |
| TOTAL | 7.00 |

STATE of TENNESSEE, WILLIAMSON COUNTY

SADIE WADE

REGISTER OF DEEDS

244146.1/200456