**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE- NASHVILLE DIVISION**

KEVIN M. DONOVAN, CASE NO. 3:26-cv-00700

Plaintiff,

v.

BENT CREEK HOMEOWNERS ASSOCIATION, INC., et al.,

Defendants.

**DEFENDANT EDGE'S PETITION/MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT T.C.A. § 27-17-104**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Jeremy Edge, by and through his undersigned counsel, respectfully petitions this Court, pursuant to T.C.A. § 27-17-104, to dismiss count VII of Plaintiff's Second Amended Complaint (Complaint). In support of this Petition, the Defendant states as follows:

1. On May 27, 2026, the Plaintiff initiated this action.
2. On June 4, 2026, the Plaintiff filed an Amended Complaint.
3. The Plaintiff filed the Defendant's Waiver of Service of Process on July 1, 2026.
4. The Plaintiff alleges that the Defendant made two statements that are defamatory. 2nd Am. Comp. ¶277, ECF 29.
5. The first statement that the Plaintiff alleges is defamatory is set forth in paragraph 275 of the Complaint, wherein the Plaintiff states that the Defendant stated: "[m]aybe if residents dont threaten, stalk, and harass, this won't be an issue. You clearly don't care that board members and their families are suffering, are frightened, and their children are scared." ("first statement"). 2nd Am. Comp. ¶275, ECF 29.
6. The second statement that the Plaintiff alleges is defamatory is set forth in paragraph 276

of the Complaint, wherein the Plaintiff states that the Defendant stated: "we are looking at serious threats, stalking, attempts to engage with my children from the sidewalk while my kids were playing, and the ability of the perpetrator to walk a fine line keeping any real legal action unavailable." ("second statement"). 2nd Am. Comp. ¶276, ECF 29.

7. As alleged by the Plaintiff in paragraphs 275 and 280 of the Complaint, the Defendant published these statements on the "Bent Creek Community via the Bent Creek Neighborhood -Uncensored-Facebook group" and "to the community." 2nd Am. Comp. ¶275 and 280, ECF 29.

As more fully addressed in the incorporated Memorandum of Law, the Defendant respectfully requests that this Court dismiss Count VII of Plaintiff's Complaint with prejudice based on Tennessee's Public Participation Act, codified at Tenn. Code Ann. § 20-17-101, et seq. (the "Act") and award the Defendant attorney's fees and costs, as provided for in the Act.

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PETITION TO DISMISS</u>**

**Plaintiff's Claim Is Barred by Tennessee's Public Participation Act (Anti-SLAPP Statute)**

Count VII of Plaintiff's Second Amended Complaint is barred by Tennessee's Public Participation Act, codified at Tenn. Code Ann. § 20-17-101, et seq. (the "Act"). Relative to this Motion, the Act provides a mechanism for early dismissal of lawsuits. Under the Act, a defendant may file a petition to dismiss an action that arises from conduct protected by the statute. If the defendant makes a prima facie showing that the claim arises from protected activity, the burden shifts to the plaintiff to establish a prima facie case for each essential element of the claim. <u>Tenn. Code Ann. § 20-17-105</u>.

Here, Defendant's conduct falls squarely within the Act's protections. As alleged by the Plaintiff, the Defendant published statements to the "Bent Creek Community via the Bent Creek

Neighborhood -Uncensored-Facebook group." 2nd Am. Comp. ¶275, ECF 29. The specific statements are set forth in paragraph 275 and 276 of Plaintiff's Second Amended Complaint. 2nd Am. Comp. ¶275 and 276, ECF 29. The statements all involve safety ("serious threats, stalking attempts to engage with my children" and "threaten, stalk, and harass"). The statements were made in the context of a discussion of the need for security. 2nd Am. Comp. Ex. "Q," pages 98 and 108 of 138, ECF 30. Plaintiff's claim arises from the Defendant's exercise of his right to free speech and constitutes protected activity and the Plaintiff cannot establish a prima facia case for each essential element of his claim. Accordingly, this count must be dismissed pursuant to Tennessee's anti-SLAPP statute.

**1. The Defendant was Engaging in the Exercise of Free Speech.**

The "[e]xercise of the right of free speech" means a communication made in connection with a matter of public concern or religious expression that falls within the protection of the United States Constitution or the Tennessee Constitution; Tenn. Code Ann. § 20-17-103. A "[m]atter of public concern" includes an issue related to: (A) Health or safety; B) Environmental, economic, or community well-being; (C) The government; (D) A public official or public figure; (E) A good, product, or service in the marketplace; (F) A literary, musical, artistic, political, theatrical, or audiovisual work; or (G) Any other matter deemed by a court to involve a matter of public concern." Tenn. Code Ann. § 20-17-103.

In this case, the Defendant's statements involve safety within the community. Indeed, the context of the statements was a discussion on the Facebook page related to the retention of security. Indeed, the first statement, more fully, states: "HOA problems. HOA money. Maybe if residents dont threaten, stalk, and harass, this won't be an issue. You clearly don't care that board members and their families are suffering, are frightened, and their children are scared. I don't care if you

think HOA monies should or should not pay for security." 2nd Am. Comp. Ex. "Q," page 98 of 138, ECF 30. The second statement, more fully states, is "[a]s far as security for members, we are looking at serious threats, stalking, attempts to engage with my children from the sidewalk while my kids were playing, and the ability of the perpetrator to walk a fine line keeping any real legal action unavailable. Unfortunately, we are past the point of return as our safety is in question." 2nd Am. Comp. Ex. "Q," page 108, ECF 30.

The foregoing statements are related to "safety" and "community well-being." "Safety" is the condition of being safe from undergoing or causing hurt, injury, or loss; not exposed to danger; not causing danger. Thus, the court understands the legislature's inclusion of "health" and "safety" under the TPPA as extending to matters affecting individuals." Doe v. Roe, 638 S.W.3d 614, 615 (Tenn. Ct. App. 2021). As to "community well-being," the Court of Appeals in Charles v. McQueen, 2022 Tenn. App. LEXIS 378 (Ct. App. Sep. 28, 2022) found "we will again apply the "natural and ordinary meaning" to language contained in the TPPA. Specifically, we are concerned with the meaning of "community well-being" as it pertains to a "matter of public concern." Although "community well-being" itself is not expressly defined, Black's Law Dictionary defines "community" as: (1) "A neighborhood, vicinity, or locality" and (2) "A society or group of people with similar rights or interests." Black's Law Dictionary 338 (10th ed. 2014)" Charles v. McQueen, 2022 Tenn. App. LEXIS 378 (Ct. App. Sep. 28, 2022). "Moreover, although Tennessee does not appear to have any guiding case law concerning this interpretation as it relates to the TPPA, we again, as we did in *Doe*, look to other courts for guidance, including those that have interpreted near identical provisions concerning their states' anti-SLAPP statutes. Primarily, we note that several Texas courts have taken the position that neighborhoods, including those with

a homeowner's association ("HOA"), are considered to be communities implicated in the notion of "community well-being." Id.

As to "public concern," the Court of Appeals stated "it appears that neighborhoods are often considered to constitute communities and implicate matters of "public interest" or "public concern" in the context of anti-SLAPP litigation. Id.

Clearly, the Defendant's statements constitute the exercise of free speech under the Act.

**2. Plaintiff Cannot Establish Each Element of a Prima Facie Case for Defamation**

To successfully prosecute a defamation case, a Tennessee plaintiff must prove that: (1) a party publishes a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. Siegfried v. Grand Krewe of Sphinx, 2003 Tenn. App. LEXIS 845 (Ct. App. Dec. 2, 2003).

**a. Publication**

"[P]ublication is an essential element of a libel action without which a complaint must be dismissed. Without publication, the court will not address issues of malice, privilege, falsity, or other related questions. Siegfried v. Grand Krewe of Sphinx, 2003 Tenn. App. LEXIS 845 (Ct. App. Dec. 2, 2003). As noted in Exhibit "O," the Facebook page where the Defendant is alleged to have made the defamatory statements is a page that is "accessible for our neighbors only" and the administrator verifies that a person is a member of the community by obtaining the person's address. Pl. NOF. Ex. "O," pages 92 and 100 of 155, ECF 16. Indeed, the Plaintiff had to provide the administrator of the page his address. Pl. NOF. Ex. "O," page 100 of 155, ECF 16.

In this case, the alleged "publication" was only on the "private community page" on Facebook. Pl. NOF. Ex. "O," pages 92 and 100 of 155, ECF 16. "In the context of

a defamation action, no publication occurs in situations involving communications between members of corporations, unincorporated groups, and associations." Siegfried v. Grand Krewe of Sphinx, 2003 Tenn. App. LEXIS 845 (Ct. App. Dec. 2, 2003). The reason that no "publication" occurs is based on the doctrine of "qualified privilege." The communications covered by a conditional privilege are described as follows: Qualified privilege extends to all communications made in good faith upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty; and the privilege embraces cases where the duty is not a legal one, but where it is of a moral or social character of imperfect obligation." McGuffey v. Belmont Weekday Sch., 2020 Tenn. App. LEXIS 242 (Ct. App. May 27, 2020). In the context of a condominium, the Southern District of Florida found that "the managers and residents of condos have vested interests in the management, quality, and security of their shared home" and found a qualified privilege that precluded publication. Block v. Matesic, 2025 LEXIS 124992 (S.D. Fla. June 26, 2025). Here, the Defendant was making the statements because the Board of Directors of the Association was considering hiring security using "HOA Money." 2nd Am. Comp. Ex. "Q," page 98 of 138, ECF 30.

The Defendant's statements are protected by a qualified privilege and no publication occurred.

**b. The Statements Were Not False**

The Defendant has video and pictorial evidence of the Plaintiff's actions that show that the statements were not false along with reports to law enforcement.

**c. Defaming to the Other**

In this case, the statements do not facially refer to the Plaintiff. As such, "[a] claim for defamation based on an alleged statement that does not expressly designate its subject will

survive a motion to dismiss only if it is alleged that the statement was made "of and concerning" the plaintiff or referred to the plaintiff by reasonable implication." Steele v. Ritz, No. W2008-02125-COA-R3-CV, 2009 Tenn. App. LEXIS 843 (Ct. App. Dec. 16, 2009). While the Plaintiff alleges in paragraph 120 of his Complaint that "[t]hese statements identify Plaintiff by context and were confirmed by community members as referring to Plaintiff," such an allegation is nothing more than a conclusory statement and not sufficient. 2nd Am. Comp. ¶120. Importantly, the first statement refers to "residents"- plural. Secondly, none of the posters on the entire post string give any indication that they know the identify of the "residents" or "perpetrator." 2nd Am. Comp. Ex. "Q," ECF 30. In a similar case, it was found that "[t]he plaintiffs' complaint fails to offer so much as a conclusory allegation that a connection existed between the alleged statement and the plaintiffs, their profession, or adult establishments generally." Steele v. Ritz, No. W2008-02125-COA-R3-CV, 2009 Tenn. App. LEXIS 843 (Ct. App. Dec. 16, 2009), *11-13. Moreover, [i]f the recipient of the communication does not understand that the plaintiff was the intended subject, the defamer's subjective intent to refer to the plaintiff is completely immaterial." Stones River Motors, Inc. v. Mid-South Pub. Co., 651 S.W.2d 713 (Tenn. Ct. App. 1983), Piper v. Mize, 2003 Tenn. App. LEXIS 429 (Ct. App. June 10, 2003).

The Plaintiff has failed to allege any facts which support his conclusion that the statements "refer to him by context." Further, Plaintiff's bare allegation that the statements were "confirmed by community members as referring to Plaintiff" is not sufficient to support his claim for defamation.

## CONCLUSION

For the foregoing reasons, Count VIII Plaintiff's Second Amended Complaint is subject to dismissal pursuant to T.C.A. § 27-17-104 and the Defendant, Jeremy Edge respectfully requests

that this Honorable Court grant his Petition and award him attorney's fees and costs pursuant to the Act.

/s/ Marielle Westerman, Esq.
Marielle Westerman, Esquire
BPR No. 040074
Westerman Law, PLLC
725 Cool Springs Blvd, Ste. 600
Franklin, TN 37067
Telephone No.: (629) 256-6179
Primary Email: mwesterman@westerman.law

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing Petition to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and counsel of record who are registered CM/ECF users. I further certify that a copy of the foregoing was served by U.S. Mail upon the pro se Plaintiff, Kevin M. Donovan.

/s/ Marielle Westerman, Esq.
Marielle Westerman, Esquire
BPR No. 040074
Westerman Law, PLLC
725 Cool Springs Blvd, Ste. 600
Franklin, TN 37067
Telephone No.: (629) 256-6179
Primary Email: mwesterman@westerman.law