IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| KEVIN M. DONOVAN,<br><br>Plaintiff,<br><br>v.<br><br>BENT CREEK HOMEOWNERS ASSOCIATION, INC., et al.,<br><br>Defendants. | Case No. 3:26-cv-00700<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Lynda M. Hill |

## PLAINTIFF'S NOTICE OF CORRECTION

Plaintiff files this notice to correct statements in his filings.

1. Paragraph 336 of the Second Amended Complaint (Doc. 29) states that Defendant Weiss received a "complete" Supplementary Attending Physician's Statement "identifying diagnosis." That is not accurate. Before transmitting the statement to Defendants in July 2025, Plaintiff redacted item 1 ("Reasons for continued disability"). The statement as transmitted did not identify a diagnosis. Plaintiff's response filed as Doc. 40 repeated the same description; that description is likewise withdrawn.

2. Exhibit L to the Second Amended Complaint (Doc. 30-1) is the same statement, redacted by Plaintiff in a different manner when the exhibits were prepared for filing: item 1 was left legible, and other information was redacted, including personal identifiers, treatment information, the disability end date, items 5 and 6, and the signature date. Exhibit L is therefore not the version transmitted to Defendant Weiss in July 2025.

That version is in the record at Doc. 37-2. The Exhibit L cover sheet (Doc. 30-1) describes the statement as filed, in which item 1 is legible; it does not describe the version transmitted to Defendants. The Exhibit M cover sheet (Doc. 30-1) states that Defendants' counsel received "Plaintiff's physician statement (Exhibit L)" on July 24, 2025. That is not accurate: counsel received the version at Doc. 37-2, which did not identify a diagnosis. The Exhibit M cover sheet's description of an "'insufficient' rejection" is also withdrawn.

3. Paragraph 48 of the Second Amended Complaint describes "a complete review of the CC&Rs and all twenty-five recorded amendments" and states that "the governing documents" contain no provision authorizing monetary fines. The review described covered the recorded Declaration (Book 3422, pages 804–836) and the twenty-five recorded supplementary declarations. It did not include the By-Laws (Book 3422, pages 837–844) or the 2014 First Amendment to the By-Laws (Book 6335, page 168). The words "complete" and "the governing documents" are withdrawn, as is the assertion in paragraph 48 that the governing documents contain no provision authorizing monetary fines. Paragraphs 55, 61, and 342 rest on the same review; their statements that no provision authorizes fines, and the conclusions drawn from those statements, are withdrawn on the same basis. This withdrawal is not a concession as to the validity of any particular charge.

4. By a notice of voluntary dismissal submitted together with this notice, Plaintiff is dismissing this action in its entirety.

Plaintiff regrets these errors.

Dated: 10/1, 2026

Respectfully submitted,

Kevin M. Donovan (TN BPR No. 43740)
Plaintiff, pro se
6008 Christmas Drive
Nolensville, TN 37135
(615) 428-9896
kevin.donovan@artofplanninglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 10/1, 2026, I filed the foregoing in person with the Clerk of Court and served a copy by first-class United States mail, postage prepaid, addressed to: Marielle Westerman, Esq., Westerman Law, PLLC, 725 Cool Springs Blvd., Ste. 600, Franklin, TN 37067; and Lauren Paxton Roberts, Esq. and Anna Kate Ferrell, Esq., Stites & Harbison PLLC, 401 Commerce Street, Suite 800, Nashville, TN 37219. On the same date I also sent a courtesy copy to each by e-mail (mwesterman@westerman.law; lauren.roberts@stites.com; akferrell@stites.com).

Kevin M. Donovan